# Quinn *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Boarding moving car—Contributory negligence.*

1. In an action against a street railway company to recover damages for personal injuries, it is error to submit the case to the jury where the evidence offered by the plaintiff shows that he attempted, without the knowledge of the conductor or motorman, to get upon a summer car at a time when it was going faster than a man could walk, and that practically at the same instant that his foot reached the running board, he was thrown to the ground.

*Trial—Improper remark of counsel as to damages—Withdrawal of jury.*

2. It is error for counsel to state to the jury the amount of damages claimed in the declaration. The damages are to be ascertained by the jury from the evidence and are not to be determined by any estimate of counsel not based on the evidence.

Argued Jan. 12, 1909.  Appeal, No. 273, Jan. T., 1908, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1906, No. 515, on verdict for plaintiff in case of Joseph Quinn v. Philadelphia Rapid Transit Company.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Reversed.

Trespass to recover damages for personal injuries received while attempting to board a summer car.  Before MAGILL, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,500.  Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions

for defendant and (2) in declining motion of defendant's counsel to withdraw a juror, the plaintiff's counsel having stated in summing up to the jury that "he had asked for $20,000 in this suit."

*Thomas Leaming,* with him *Sydney Young,* for appellant.— The plaintiff was guilty of contributory negligence: Hunterson v. Traction Co., 205 Pa. 568.

A juror should have been withdrawn upon plaintiff's counsel deliberately stating that the plaintiff claimed $20,000: Wagner v. Hazle Twp., 215 Pa. 219.

*John Monaghan,* with him *David Phillips,* for appellee, cited as to negligence: Powelson v. United Traction Co., 204 Pa. 474; Boulfrois v. Traction Co., 210 Pa. 263.

Cited as to remarks of counsel: Green v. Sun Company, 32 Pa. Superior Ct. 521; Kehoe v. Traction Co., 187 Pa. 474; Shaffer v. Coleman, 35 Pa. Superior Ct. 386.

OPINION BY MR. JUSTICE POTTER, March 22, 1909:

It is admitted in this case that the plaintiff attempted to board a moving car, which at the time was going faster than a man could walk. It is urged, however, upon the part of the plaintiff that even if his carelessness in this respect be conceded, yet at the instant when he was thrown from the car, he had passed the initial point of danger, and had attained what his counsel contend was a place of safety. The trial judge instructed the jury that if they found that the plaintiff while attempting to board a moving car, was thrown from it, in the very act of getting upon it, he could not recover, as such an act would clearly have been negligence upon his part. But we are satisfied from a careful examination of the evidence that there is really no conflict as to this point. The only reasonable inference that can be drawn from the plaintiff's own statement, is that he was injured in the very act of attempting to board a moving car of the defendant company, while it was going at considerable speed. This being the case it was the duty of the court to say that under the evidence the plaintiff had failed

to exercise reasonable care to prevent harm to himself, and that his injury was the result of his own fault, and he could not recover.

The testimony shows that the car which plaintiff attempted to mount was running north on Fourth street, and had passed the intersection with Dauphin street, and had begun its run towards the next intersection, at the time the plaintiff attempted to get upon the running board. There is nothing in the evidence to show the motorman or conductor knew that the plaintiff wanted to get on the car at the time, until he made the effort to do so. If the car had been standing still at the regular place for passengers to get on, and the evidence had tended to show that it had been started suddenly while plaintiff was in the act of stepping up, the question would have been for the jury. But as it was, there was nothing to warn the men in charge of the car of any impending peril to the plaintiff; there was therefore no duty upon them at that time with respect to the plaintiff, and there was no evidence of any negligence upon their part. On the contrary, the contributory negligence of the plaintiff is plainly apparent from his own story of the occurrence. He said that as the car came up to him he attempted to throw his body along with it, "to grab it as it came along." He testified upon cross-examination that as near as he could judge the car was about a length past the crossing when he tried to get on, and that it was about a length and a half above the crossing when he fell to the ground. This shows conclusively that his attempt to mount the side of the moving car, and his fall to the ground were practically instantaneous. It was a continuous performance. The running board is not a place of safety; it is not intended for the use of passengers, except as a means of ingress and egress. And the fact that plaintiff had not gotten beyond the running board, when he was thrown off by the motion of the car, shows that he had not completed his perilous intention of mounting the moving car. The testimony of the passengers who were on the car does not contradict that of the plaintiff, but it adds much to the details which under the circumstances he naturally could not be expected to recall. One passenger, sitting in the seat next to the back seat said, in

describing the accident, "I was sitting there, and I saw a man make a grab for the car. I could not say if he got hold or not. By the time I turned my head he was down, lying on the street." He further said that the car was running pretty lively at the time. Five other witnesses agree substantially in saying that plaintiff jumped for the running board, and whether or not he succeeded in getting his feet on, he was almost instantly thrown off. Of course if the testimony of the other witnesses contradicted the plaintiff, it would be for the jury to reconcile the discrepancies, but it all practically supplements the plaintiff's own story. The facts of the case bring it within the rule that to step on or off a moving car, is in itself an act of negligence.

There is a second specification of error, wherein complaint is made of the refusal of the court below to withdraw a juror and continue the case, because of counsel for plaintiff having stated in his argument to the jury that he asked "for $20,000 in this suit." It is error for counsel to state to the jury the amount of damages claimed in the declaration. The damages are to be ascertained by the jury from the evidence, and are not to be determined by any estimate of counsel, not based on the evidence. Any suggestion to the jury of the arbitrary amount in which the damages are laid, in the declaration, is highly improper: Reese v. Hershey, 163 Pa. 253. The second assignment is sustained, but it becomes unimportant in this case by reason of the lack of anything in the evidence which properly sustains the charge of negligence against the defendant company.

The only reasonable inference that can be drawn from the evidence is that the plaintiff was hurt by his own fault, without fault upon the part of the defendant, and the trial judge should have assumed the responsibility of disposing of the case.

The judgment is reversed, and is here entered for the defendant.