# Joyce *v.* Smith, Appellant.

*Negligence—Automobiles — Contributory negligence — Passing trolley car—Speed—Case for jury.*

1. Where plaintiff, while crossing a street in front of a trolley car from which he had just alighted, was struck by defendant's automobile, the case is for the jury on the questions of defendant's negligence and plaintiff's contributory negligence, where the evidence is conflicting as to whether the automobile came to a stop with the car, or passed it at a high rate of speed.

*Practice, C. P.—Trial—Improper remarks of counsel—Suggestion as to amount in accident case—Withdrawal of juror.*

2. Where counsel for plaintiff in an accident case uses language to the jury that contains a suggestion that "thousands of dollars" are claimed for pain and suffering, a juror should be withdrawn, and the case continued.

Argued January 12, 1921. Appeal, No. 130, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1918, No. 4045, on verdict for plaintiff in case of Thomas Joyce v. Ernest B. Smith. Before FRA-ZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries.  Before PATTERSON, J. The opinion of the Supreme Court states the facts.

- Verdict for plaintiff for $7,750, on which judgment was entered for $5,000, all above that amount having been remitted.  Defendant appealed.

*Errors assigned* were, (1) refusal of binding instructions for defendant, and (2) refusal to withdraw a juror, quoting the record.

*Ralph O. Hall,* for appellant, cited, as to remarks of counsel: Saxton v. Ry. Co., 219 Pa. 492; Carothers v. Rys., 229 Pa. 560; Quinn v. Transit Co., 224 Pa. 162; Peirson v. Duncan, 162 Pa. 187.

*Victor Frey,* with him *Augustus T. Ashton,* for appellee.—An examination of all the decisions in this court in which a judgment for the plaintiff has been reversed for statements or remarks of counsel, shows that in all such cases, the statements are references to matters not within the issue, such as defendant's insurance against employer's liability (Hollis v. Glass Co., 220 Pa. 49) ; reference by court or counsel to amount named in statement of claim (Reese v. Hershey, 163 Pa. 253; Quinn v. P. R. T. Co., 224 Pa. 162; Hollinger v. Rys., 225 Pa. 419; Benisholtz v. R. R., 229 Pa. 88; Carothers v. Pitts. Rys., 229 Pa. 558) ; figures for damages asked in argument not supported by testimony (Connelly v. Pitts. Rys., 230 Pa. 366) ; improper statement of facts clearly unsupported by testimony and prejudicial and harmful to opposite side (Wagner v. Hazle Twp., 215 Pa. 219; Saxton v. Pitts. Rys., 219 Pa. 492; Brown v. Traction Co., 237 Pa. 324; Becker v. P. R. T. Co., 245 Pa. 462; Llewellyn v. Wilkes-Barre, 254 Pa. 196; Seeherman v. Wilkes-Barre Co., 255 Pa. 11).

OPINION BY MR. JUSTICE FRAZER, February 21, 1921:
While crossing the street in front of a trolley car from which he had just alighted, plaintiff was struck by de-

fendant's automobile, receiving injuries from which he now sues to recover compensation. The questions of defendant's negligence and plaintiff's contributory negligence were left to the jury and .a verdict rendered for plaintiff. Defendant appealed.

Two questions are involved in the case. First, refusal of the trial judge to give binding instructions for defendant on the ground of plaintiff's negligence; second, refusal to withdraw a juror and continue the case because of remarks made by plaintiff's counsel in his closing address to the jury.

The car on which plaintiff had been a passenger ran northward on Eighteenth street, in the City of Philadelphia, and stopped on the south side of Wharton street to discharge passengers. Plaintiff, according to his own testimony, stepped from the car and immediately walking around in front of it and across the track, intended to board a car running eastward on Wharton street which had stopped to discharge and receive passengers. Defendant's automobile approached from the rear and on the left side of the trolley car from which plaintiff alighted, passing it without warning and striking plaintiff as he proceeded across the street toward the Wharton street car. There was evidence that the automobile approached and passed the Eighteenth street car at the rate of thirty miles an hour, also that plaintiff was the second passenger to alight from the car and that others followed him. On behalf of defendant, evidence was offered to the effect that the automobile came to a stop with the trolley car and moved forward "almost even with it" before plaintiff started to cross the street, from which defendant contends the accident was due to plaintiff's fault in attempting to cross in front of the moving trolley. Under this conflicting evidence the questions of negligence of the driver of the automobile and contributory negligence of plaintiff were necessarily for the jury.

With respect to the remarks made by plaintiff's counsel in his address to the jury the evidence is contradic-

tory as to the exact language used. A motion was made
at the time to withdraw a juror which was overruled
and counsel for defendant asked and received permission
from the court to attach to the record an affidavit setting
forth the objectionable language. Two affidavits were
submitted, in both of which it is averred plaintiff's coun-
sel said "I am asking for thousands of dollars for pain
and suffering, and hundreds of dollars for the money he
has expended." On the other hand, plaintiff submitted
two affidavits, one to the effect that counsel said, "I do
not want to ask you for any specified sum for any part of
the plaintiff's damages. I shall not ask you for thou-
sands of dollars for his injuries and I shall not ask you
for hundreds of dollars for his expenses. I do not
want to constitute myself the thirteenth juror. I
leave this to your good judgment." The other affidavit
gives the following version of the language used: "I do
not ask you for $1,000 for this item or $100 for that item
because if I did I would feel that I was constituting my-
self the thirteenth juror. I leave this to your good judg-
ment." It is impossible to say which of the witnesses cor-
rectly recalled the language used; and, in view of the
fact that in the four affidavits the persons making them
were evenly divided in opinion, it is not for the court to
say which version corresponded with the recollection of
the jurors and was accepted by them. If in accord with
the affidavits submitted by defendant, the remarks were
highly improper, as their tendency would necessarily
suggest to the jury sums they should allow in their ver-
dict. It has been the uniform practice of this court to
hold counsel strictly accountable for language used in
addressing the jury, and wilful or reckless misstatements
or utterances calculated to unduly influence their verdict
will be considered grounds for the withdrawal of a juror
and granting a new trial: Wagner v. Hazle Twp., 215
Pa. 219. Causes must be fairly presented and defended
and the duty of counsel in this regard is not less impor-
tant nor less imperative than that of the trial judge. A

cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion, or prejudice, stands on but little higher ground than one obtained by false testimony; Saxton v. Pgh. Rys. Co., 219 Pa. 492. The amount of damages claimed is not to be determined by an estimate of counsel, but by the jury from the evidence before them, and any suggestion to the jury of an arbitrary amount is highly improper: Quinn v. Transit Co., 224 Pa. 162. While it is true in the present case no definite amount was mentioned, yet, if plaintiff's version be accepted, the language contained a suggestion to the jury that "thousands of dollars" were claimed for injuries. This expression suggested the amount to the minds of the jury almost as clearly as if counsel had stated a definite number of thousands. The second assignment of error is, therefore, sustained.

The judgment is reversed with a new venire.