# Bullock *v.* Chester & Darby Telford Road Co., Appellant.

*Negligence—Turnpike road—Hole in road—Motorcycle—Contributory negligence—Case for jury.*

1. In an action against a turnpike road company for personal injury resulting from the sinking of a motorcycle in broad daylight into ruts in the road, the question of plaintiff's contributory negligence is for the jury, where the evidence shows that, although plaintiff had passed over the road a few minutes before, he testifies that he drove on the opposite side of the road and failed to see the ruts, as he was looking ahead, and that on his return they were not in sight until he had passed the summit of a hill, when it was too late to avoid them.

*Negligence — Damages — Remarks of counsel as to amounts — Failure to withdraw juror.*

2. The verdict in an action of tort should be a deduction drawn by the jury from the evidence, and not a mere formal adoption of calculations submitted by counsel.

3. Where counsel in addressing the jury makes an unfounded claim for damages which the trial judge, on request, fails to correct by withdrawing a juror, the verdict should be set aside, although the true measure of damages may appear in the general charge.

Argued February 7, 1921. Appeal, No. 159, Jan. T., 1921, by defendant, from judgment of C. P. Delaware Co., March T., 1917, No. 483, on verdict for plaintiff, in case of Addison T. Bullock v. Chester & Darby Telford Road Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before HAUSE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,232.10. Defendant appealed.

*Errors assigned,* among others, were (2) refusal of defendant's motion for judgment n. o. v.; (3) refusal to withdraw a juror for improper remarks of plaintiff's counsel, quoting record.

*Frank R. Savidge,* with him *Geary & Rankin,* for appellant.—The trial judge should have withdrawn a juror because of improper statements made by counsel for plaintiff to the jury: Holden v. R. R., 169 Pa. 1; Fowler Waste Mfg. Co. v. Otto Gas Engine Works, 227 Pa. 314; Connelly v. Rys. Co., 230 Pa. 366; Carothers v. Rys. Co., 229 Pa. 558; Quinn v. P. R. T. Co., 244 Pa. 162; Hollinger v. Ry. Co., 225 Pa. 419; Brown v. Traction Co., 237 Pa. 324.

*William C. Alexander,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 18, 1921:

On August 8, 1915, plaintiff was seriously injured by a fall from his motorcycle while traveling on defendant's Telford turnpike between Chester and Darby, in Delaware County, and brought this suit to recover the damages thereby sustained; his allegation being that he was thrown from his motorcycle when it sank into holes or ruts, suffered to remain in the bed of the turnpike. The ruts were shown to be of such a character as to render the question of defendant's negligence one for the jury.

The paved roadway was about twenty feet wide and, as plaintiff had passed over it a few minutes before the accident, it is urged he should have known of and avoided the alleged defects; also that he was negligent in driving into the ruts in broad daylight. Plaintiff, however, says he drove over on the opposite side of the road and failed to see the ruts, as he was looking ahead, and that on his return they were not in sight until he had passed the summit of the hill, when it was too late to avoid them. In view of this testimony, the question of contributory negligence was for the jury. In Bean v. Phila., 260 Pa. 278, a nonsuit was granted because plaintiff had for seventy-five feet a full view of the hole into which he drove, and therein this case differs from the present.

The third assignment of error is based upon the remarks of plaintiff's counsel in his closing address to the jury, wherein he stated that "plaintiff lost in wages during fifteen weeks following the accident $577.50, [and] additional loss in wages to the time of trial, a total of $2,541.10, and that his loss in wages in the future would be $114.40 per year." To this defendant made timely objection, and asked for the withdrawal of a juror. The request was refused and an exception sealed. The statements, however, were neither withdrawn nor modified by counsel, nor did the trial judge caution the jury to scrutinize or disregard them; so they impliedly had judicial sanction (Walsh v. Wilkes-Barre, 215 Pa. 226).

The verdict is strongly suggestive of their effect; for adding to the lump claim of $2,541.10, stated by counsel for loss of earnings theretofore sustained, the uncontested sum of $191 for hospital and doctor bills and a round sum of $2,500 for pain and suffering, the latter possibly embracing something for loss of future earning power, it makes $5,232.10, the exact amount of the verdict. This could scarcely be a coincidence. The verdict in an action of tort should be a deduction drawn by the jury from the evidence and not a mere formal adoption of calculations submitted by counsel (see Himes et al. v. Kiehl et al., 154 Pa. 190, 198). True, the latter may properly call the jury's attention to what the evidence shows (Rider v. York Haven Water & Power Co., 255 Pa. 196, 200), but the trouble here is, the evidence fails to justify the claims so made. The accident happened more than four years before the trial and, while the $577.50 for loss of earnings during the first fifteen weeks is within the evidence, as an additional claim of $500 for loss the next six months might be, the balance of the $2,541.10 is not; for during the three years preceding the trial plaintiff was employed as a carpenter, receiving nearly normal wages. In that connection he testified: "Q. Did you work there steady at this place? A. Not altogether just steady. I worked one or two days, and then took a day off if I felt bad. Q. How is it at the present time? A. Not any too good yet. Q. Are you working steady at the present time? A. Yes, fairly steady. Q. How long has it been that you were working steady? A. May be a year and a half. Q. In other words, you haven't had to lay off, have you? A. Very little." How often he felt bad or how many days he lost by reason thereof is totally uncertain; as to that feature of the case there is practically no more evidence and it does not justify counsel's large claim for loss of earnings after the first year. Then, again, counsel's claim for loss of future earning power remained with the jury and we cannot say it did not augment the ver-

dict, although the trial judge charged the jury there could be no recovery therefor. We do not question the good faith of counsel, but the statements made by him to the jury are such as to require a new trial. Where counsel in addressing the jury makes an unfounded claim for damages, which the presiding judge on request fails to correct, the verdict should be set aside, although the true measure of damages may appear in the general charge. "The damages are to be ascertained by the jury from the evidence, and are not to be determined by any estimate of counsel, not based on the evidence": Quinn v. Phila. Rapid Transit Co., 224 Pa. 162, 165; Joyce v. Smith, 269 Pa. 439, decided at this term. Any statement to the jury by court or counsel, that calls their attention to claims and amounts not supported by the evidence, is error: see Carothers v. Pittsburgh Ry. Co., 229 Pa. 558. The duty of counsel to promptly withdraw objectionable remarks and of the trial judge to admonish the jury to disregard them is fully set forth in the opinion by Mr. Justice SIMPSON in Kelly v. Scranton Ry. Co., 270 Pa. 77.

The third assignment of error is sustained and thereupon the judgment is reversed and a venire facias de novo awarded.