## Fish v. Stulb, Appellant.

*Negligence—Automobiles—Contributory negligence — Danger — Imminence—Evidence—Case for jury.*

1. Where by reason of a block of traffic, a trolley car stops some distance from a crossing, and the conductor invites passengers to alight, it is the right as well as the duty of the passengers to reach the sidewalk as expeditiously as possible having due regard to the traffic conditions of the street.

2. If the passenger finds the way on the right-hand side of the street, at which he alights, blocked by traffic, he is justified in passing around the front of the standing car to reach the opposite sidewalk.

3. In doing so it is his duty to look for approaching vehicles, but the mere fact that he sees an automobile approaching on the left-hand side of the street at a distance of 115 feet when but ten or eleven feet of roadway intervenes between the track and the sidewalk, does not justify the legal conclusion of contributory negligence on his part in starting toward the sidewalk.

4. In such case it is for the jury to say whether the danger was so imminent that a reasonably prudent man would not have ventured ahead.

Argued March 29, 1922. Appeal, No. 85, Jan. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1919, No. 3728, on verdict for plaintiff, in case of Howard Fish v. Joseph R. Stulb. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Affirmed.

Trespass for personal injuries. Before SHOEMAKER, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned,* inter alia, was in overruling defendant's motion for judgment n. o. v., quoting record.

*Francis Chapman,* for appellant.—Plaintiff was guilty of contributory negligence: Virgilio v. Walker, 254 Pa. 245; Lorah v. Rinehart, 243 Pa. 231; Kauffman v. Nelson, 225 Pa. 174; Warruna v. Dick, 261 Pa. 602; Kennelly v. Waropoyak, 266 Pa. 94; Mayhugh v. Telephone Co., 265 Pa. 498; Anderson v. Wood, 264 Pa. 98; Lamont v. Express Co., 264 Pa. 17.

*Daniel G. Murphy,* with him *Isaac D. Levy,* for appellee.—The case was for the jury: Joyce v. Smith, 269 Pa. 439; Hess v. Kemmerer, 65 Pa. Superior Ct. 247; Michalsky v. Putney, 51 Pa. Superior Ct. 163; Reese v. France, 62 Pa. Superior Ct. 128; Lorah v. Rinehart, 243 Pa. 231.

OPINION BY MR. JUSTICE FRAZER, April 17, 1922:
Plaintiff sued for damages for personal injuries caused in a collision with defendant's automobile, while passing from a trolley car, from which he alighted on

the right-hand side of a street, to sidewalk on the left-hand side. A verdict was rendered in favor of plaintiff and from judgment entered thereon defendant appealed. Defendant concedes the question of his own negligence was for the jury, contending, however, that the court below erred in refusing to enter judgment non obstante veredicto in his favor, on the ground that plaintiff was negligent in having deliberately stepped in front of a rapidly approaching automobile at the time so near that an accident was inevitable.

Plaintiff, a passenger on a trolley car running north on Thirteenth Street, in the City of Philadelphia, left the car at Chestnut Street. Owing to the congested condition of the two streets at this point customarily passengers from two or more cars are discharged at the same time, making it necessary for those leaving the second and later cars to alight a short distance below Chestnut Street and toward the middle of the square. On this occasion the car in which plaintiff was a passenger, the fourth in the line of those at the time held up at the corner, stopped 174 feet below Chestnut Street and the conductor called "all out for Chestnut." Three other passengers left the car ahead of plaintiff and, finding the roadway between the car track and sidewalk occupied by automobiles and wagons on the east or right-hand side, passed in front of the car to reach the sidewalk on the west or left side of the street, a distance of 10.4 feet from the west rail of the trolley track. The three persons ahead of plaintiff reached the sidewalk in safety. Plaintiff testified that after passing in front of the car he looked south and saw defendant's automobile coming "about five yards below Sansom Street," which, according to other evidence offered, was approximately 115 feet from the place where he stood, and traveling north on the west or left side of the street, at from twenty-five to thirty miles an hour. Plaintiff proceeded to cross the roadway and was struck by the automobile as he was stepping on the sidewalk. There was nothing

on the street to obstruct the view of either plaintiff or the driver of the approaching automobile.

Under the foregoing testimony it cannot be said as a matter of law that plaintiff was negligent. Having alighted from the car at the invitation of the conductor, it was not only his right but his duty to reach the sidewalk as expeditiously as possible, having due regard to the traffic conditions on the street. Finding the way on the right-hand side blocked by traffic and the left-hand side of the street clear, he was justified in passing around the front of the standing trolley to reach the opposite sidewalk. In doing so it was his duty to look for approaching vehicles and otherwise exercise such care for his personal safety as the situation demanded. The mere fact that he saw defendant's automobile approaching on the left side of the street at a distance of 115 feet, when but ten or eleven feet of roadway intervened between the trolley track and the sidewalk, does not justify the legal conclusion of negligence on his part in starting toward the sidewalk. It was for the jury to say whether the danger was so imminent that a reasonably prudent man would not have ventured ahead: Anderson v. Wood, 264 Pa. 98; Joyce v. Smith, 269 Pa. 439.

The judgment of the court below is affirmed.