IRENE SNAY WALLING *vs.* HARRY E. JENKS
OCTOBER 25, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an action to recover for personal injuries which the plaintiff sustained in a collision between her and a motor car operated by the defendant on Pontiac avenue in the city of Warwick in this state and which the plaintiff claims were caused by his negligence in the opera-

tion of the car. A jury trial in the superior court resulted in a verdict for the plaintiff for $3500. By the decision of the trial justice, the defendant's motion for a new trial was denied, if the plaintiff would, within a certain time, file a remittitur of all damages in excess of $2250. A remittitur was filed accordingly and the case is now before us on the defendant's bill of exceptions.

The exceptions relied on are to the rulings by the trial justice in denying motions by the defendant as follows: (1) that a verdict be directed in his favor at the end of all the testimony in the case; (2) that the case be taken from the jury and passed, on the ground that in the course of the trial the plaintiff's attorney had called to the attention of jury that the defendant was insured against loss by reason of liability for the plaintiff's injuries; and (3) that a new trial should be granted on the ground that the verdict was against the weight of the evidence.

The accident occurred about the middle of the forenoon on January 11. For all that appears from the testimony, the weather was fair and driving conditions were good. A very short time before the accident the plaintiff got out of a large motor bus, in which she was riding easterly on Pontiac avenue. She testified that it had stopped to let her off at its regular stopping place on its right side of the street. It had swung somewhat to the right just before stopping, so that, when she got off, its right front wheel was on the dirt a little to the south of the concrete part of the road. The left rear wheel was near the center of the road, being about four feet nearer to it than the left front wheel.

The plaintiff alighted from the right front step of the bus. She was going to make a call at a house on the north side of the street, a short distance west of the stopping place, and walked rather rapidly in front of the bus. Right after passing the left front corner, according to her testimony, she stopped and looked first to her left, towards the west. She could see for a long distance on the north side of the middle of the road, but because of the rear of the bus being

so far out into the road, she could not see the south half of the road, behind the bus. She saw no vehicle coming from her left and she then looked to her right and saw no vehicle coming from the east. So she started walking rapidly across the street and did not look again for any approaching vehicle.

According to her own testimony and that of a supporting witness, she had crossed the concrete part of the road and was on the dirt on the north side of the road, when she came in contact with the right side of the defendant's car, coming rapidly from the west. This car had been traveling along the south half of the road and must have been behind the bus, when the plaintiff looked to the west. After the bus had stopped, the defendant swung his car to the left to pass the bus and then, seeing the plaintiff, swung it still farther to the left and put on the brakes to avoid hitting her, but was unable to prevent the collision, he testified.

He testified also that before he started to pass the bus, he blew his horn and slowed down to about fifteen miles per hour; and that when his car had reached a position about midway of the bus, the plaintiff came running out from in front of the bus. On the other hand, the plaintiff and a supporting witness not only testified as above stated, but also that the defendant's horn was not sounded. There was testimony from which the jury could properly have found a verdict for the defendant. They, however, found a verdict for the plaintiff and we must therefore assume that they did not believe that testimony, but believed the opposing testimony for the plaintiff.

In view of this latter testimony and the testimony of the defendant as to the speed at which he was traveling, as he approached and started to pass the stationary bus, and drawing inferences favorable to the plaintiff which we find to be reasonable, there was evidence for the jury that the plaintiff stopped and looked to her left down the road, just after passing the left front corner of the bus, and then started forward again, walking rapidly from the middle to the north side of the paved part of the road, and had gone

several feet farther before the collision occurred; that when she thus started forward after looking, the defendant's car was approaching upgrade from the west on the south half of the road and was some distance behind the bus and out of the plaintiff's sight; that he swung his car to the left and passed alongside the bus, without sounding his horn; and that after the plaintiff was in such a position on the north half of the paved part of the road that the exercise of reasonable care by her would not have prevented the collision, there was, before the collision occurred, still a considerable interval of time during which she was visible to the defendant.

We are of the opinion that there was evidence in support of a finding by the jury that the proximate cause of the plaintiff's injuries was not negligence on her part but negligence on the part of the defendant. *Benoit* v. *Miller*, 67 A. 87 (R. I.); *Gouin* v. *Ryder*, 38 R. I. 31, 94 A. 670; *Willett* v. *Slocum*, 47 R. I. 136, 131 A. 545; *DeGrade* v. *LaCoste*, 131 A. 193 (R. I.); *Joyce* v. *Smith*, 269 Pa. 439, 112 A. 549. Hence there was no error in the denial by the trial justice of the defendant's motion that a verdict in his favor be directed.

As to the matter of its having been brought to the jury's attention by the plaintiff's attorney that the defendant was protected by liability insurance, it was stated by the defendant's attorney, in support of his motion that the case be passed on that ground, and was not denied, but inferentially admitted, by the plaintiff's attorney, that before the jury took a bus to go on a view, the plaintiff's attorney in a very loud voice, which "everyone could hear," informed the defendant's attorney that the latter would have another insurance case to defend, as he, the plaintiff's attorney, had been involved in an accident. It was also stated by the defendant's attorney, and not denied, that he called the attention of the trial justice to the matter.

The record also shows that later, during the examination of a witness by the defendant's attorney, the plaintiff's attorney came near to the defendant's attorney and, while

they were both facing the witness, whispered something which included the word "insurance," and that this word was heard by the court stenographer, though not by the clerk in attendance at the trial or by the trial justice.

The defendant's attorney, in support of his motion, stated, and the opposing counsel did not deny, but substantially admitted, that what the latter said to the former was: "I don't want this witness to mention insurance." There was no direct evidence that any member of the jury heard what was whispered. On that ground and because neither the trial justice nor the clerk heard it, the trial justice denied the motion that the case be passed.

But the stenographer had heard the plaintiff's attorney use the word "insurance" and had recorded that fact in her notes, and therefore it is quite probable that at least some of the jury heard it and it is not improbable that they heard all that was said. Moreover this was the second time during the trial that the plaintiff's attorney had talked about insurance within the hearing of the jury, although the defenant's attorney had strongly complained of it the first time. This repetition showed a settled purpose to prejudice the jury in favor of the plaintiff by causing them to believe that the defendant was protected by insurance.

This court has previously held that the calling to the jury's attention, by the plaintiff's attorney, of the fact that any liability of the defendant to the plaintiff is covered by insurance or any conduct by that attorney that might naturally lead the jury to believe that the defendant is thus protected is sufficient ground for a continuance of the case. *St. Jean* v. *Lippitt Woolen Co.*, 69 A. 604 (R. I.) ; *Woodward* v. *Wilbur*, 54 R. I. 60, 63, 169 A. 486. In the instant case we find that the ground for passing the case was so strong that the refusal of the trial justice to grant the defendant's motion was erroneous.

Since this finding requires that a retrial be ordered, we do not deem it necessary or advisable to discuss or rule on the defendant's exception to the refusal of the trial justice to

order a new trial on the ground that the verdict was against the weight of the evidence.

The defendant's exception to the refusal of the trial justice to direct a verdict for the defendant is overruled; his exception to his denial of the motion that the case be passed is sustained, and the case is remitted to the superior court for a new trial.

*Carroll & Dwyer,* for plaintiff.

*Sherwood & Clifford, Raymond E. Jordan,* for defendant.