James STEIN

v.

**Bertha K. MEYER, as Administratrix C.T.A., Theodore Meyer Estate**

and

**Bertha K. Meyer.**

**Civ. A. No. 19552.**

United States District Court
E. D. Pennsylvania.

April 18, 1957.

James E. Beasley, of Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Perry S. Bechtle, of Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendant.

**366**

VAN DUSEN, District Judge.

This action for personal injuries, based on diversity of citizenship, is before the court for consideration of defendants' contention that they are entitled to a new trial after a verdict for plaintiff in the amount of $10,000.

The trial judge is of the opinion that defendants are entitled to a new trial because of the following remarks made to the jury by counsel for plaintiff in his closing speech, so that consideration of the other grounds stated in the motion for new trial are not necessary:

> "How much would you pay for a neurosis? How much would you pay to be afflicted with a condition that you couldn't hold cups or saucers, something that is going to be permanent? Would you take it for $5,-000.? Would you take it for $50,-000.00?"[1] (Page 1 of partial transcript.)

Construing the evidence in the light most favorable to plaintiff, he had inhaled deleterious gas when working in an icebox as the result of the negligence of the defendant fumigator in failing to properly air out the icebox after fumigating it with the gas. Plaintiff had not lost any days of work, except the day on which he inhaled the gas when he was taken to the hospital and returned home at approximately 5:30 P.M.

The medical testimony indicated that he had a neurosis involving loss of sleep, loss of appetite and weight, and lack of interest in recreational activities, which neurosis resulted from the inhalation of the gas.[2]

█ In view of the lack of evidence that the inhalation of the gas was the proximate cause of any substantial neurotic effects, the principle long recognized by the Pennsylvania courts that it is error for counsel to make any suggestion to the jury of an arbitrary amount of damages for personal injuries is particularly applicable. In Joyce v. Smith, 1921, 269 Pa. 439, 112 A. 549, 550, defendant filed affidavits that plaintiff's counsel said in his argument to the jury, " 'I am asking for thousands of dollars for pain and suffering, and hundreds of dollars for the money he has expended.' " In ordering a new trial because of the use of such language, the court said, 269 Pa. at pages 442–443, 112 A. at page 550:

> " * * * the remarks were highly improper, as their tendency would necessarily suggest to the jury sums they should allow in their verdict. It has been the uniform practice of this court to hold counsel strictly accountable for language used in addressing the jury, and wilful or reckless misstatements or ut-

---

1. Counsel for defendant promptly moved for the withdrawal of a juror and the trial judge said at side bar (page 2 of partial transcript):
 "It is wrong, but I am going to let the case go ahead now since we have gone this far. I may decide to grant a new trial on it afterwards. * * * my understanding is that that is ground for a new trial, mentioning any amounts."
 The trial judge also pointed out that compensation, not a purchase price, was the basis of damages for injuries. Although the trial judge instructed the jury that they "must disregard any figures that have been mentioned by counsel" (pages 3 and 4 of transcript), counsel for plaintiff requested (which was clearly unnecessary under Fed.Rules Civ.Proc., rule 46, 28 U.S.C., in view of counsels' statement of their position at side bar—see page 3 of partial transcript), and was

granted, an exception to such instruction in the presence of the jury, and the trial judge does not believe the instruction repaired the damage which had been done. The fact that the Chief Judge had suggested $1,200 as a settlement figure at the pre-trial conference is only one of many indications that the $10,000 verdict shows the instruction was not effective in removing the prejudice created by counsel's remarks. Cases such as Smith v. Philadelphia Transp. Co., 3 Cir., 1949, 173 F.2d 721, relied on by plaintiff, are inapplicable to this factual situation, since the court found in those cases that no prejudice did result from counsel's remark.

2. There was also weak evidence of a causal connection between a right bundle branch block in the heart and the inhalation of gas.

terances calculated to unduly influence their verdict will be considered grounds for the withdrawal of a juror and granting a new trial. * * * Causes must be fairly presented and defended, and the duty of counsel in this regard is not less important nor less imperative than that of the trial judge. A cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion, or prejudice, stands on but little higher ground than one obtained by false testimony. * * * The amount of damages claimed is not to be determined by an estimate of counsel, but by the jury from the evidence before them, and any suggestion to the jury of an arbitrary amount is highly improper. * * * While it is true in the present case, no definite amount was mentioned, yet, if plaintiff's version be accepted, the language contained a suggestion to the jury that 'thousands of dollars' were claimed for pain and suffering. This expression suggested the amount to the minds of the jury al-

most as clearly as if counsel had stated a definite number of thousands."[3]

The above-mentioned principle stated in the Joyce case is followed by the judges of this court, and it seems particularly applicable to the factual situation presented by this case.

 Furthermore, although the trial judge understands that he is not bound by the Pennsylvania cases on this point,[4] the United States Court of Appeals for the Third Circuit has emphasized that federal courts "should not be astute to widen federal diversity jurisdiction." McCoy v. Siler, 3 Cir., 1953, 205 F.2d 498, 500–501.[5] To permit plaintiff's counsel to refer to amounts selected by him in his closing argument to the jury in cases where pain, suffering, injury and inconvenience are the only items of damage, when such a course is not allowed in the state courts, would certainly have the result of expanding the diversity jurisdiction of this court and, particularly in a situation such as this, would " * * * substantially affect the enforcement of the right as given by the State." [6]

---

3. See Quinn v. Philadelphia Rapid Transit Co., 1909, 224 Pa. 162, 164, 73 A. 319; Bullock v. Chester & Darby Telford Road Co., 1921, 270 Pa. 295, 299, 113 A. 379. Cf. Clark v. Essex Wire Corp., 1949, 361 Pa. 60, 64, 63 A.2d 35, 37, where the court said: "The rationale behind these cases is that in naming an amount claimed, counsel is making a suggestion to the jury which in their minds takes the place of evidence."

4. See Garrett v. Faust, 3 Cir., 1950, 183 F.2d 625. In the Garrett case, it is noted that the counsel for plaintiff, who was not a member of the Pennsylvania bar and not familiar with the Pennsylvania rule stated in the Joyce case, mentioned an overall sum as the damages in his opening statement [see Garrett v. Faust, D.C.E.D.Pa.1949, 9 F.R.D. 482, 485], whereas plaintiff's counsel in this case is a member of our Bar. Even though his mistake was inadvertent, it would be unfair to treat him any differently than other members of the Bar of this court in a situation such as this.

5. See, also, cases cited in Delaware River Joint Toll Bridge Commission v. Miller, D.C.E.D.Pa.1956, 147 F.Supp. 270, 272–273.

6. See Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 108–109, 65 S. Ct. 1464, 1469, 1470, 89 L.Ed. 2079, where the court said:
 "But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot * * * substantially affect the enforcement of the right as given by the State.
 "Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of

### Order

And Now, April 18, 1957, It Is Ordered that the judgment entered in favor of plaintiff in the amount of $10,000 on the verdict of the jury shall be set aside, that defendants' motion for new trial is granted, and that a new trial shall be held in the above-captioned case.

the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for

the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."