**Gladys I. MITCHELL, Administratrix of the Estate of William K. Mitchell, Sr., deceased, Plaintiff,**

v.

**AMERICAN TOBACCO COMPANY and P. Lorillard Company, Defendants.**

**Civ. A. No. 6539.**

United States District Court
M. D. Pennsylvania.

July 31, 1961.

---

**3.** See also, Twenty-one Mining Co. v. Original Sixteen to One Mine, 9 Cir., 265 F. 469, 472.

Paul J. Smith, Richard L. Kearns, Harrisburg, Pa., for plaintiff.

Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendant American Tobacco Co.

Hull, Leiby & Metzger, Harrisburg, Pa., Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant P. Lorillard Co.

FOLLMER, District Judge.

Defendants, American Tobacco Company and P. Lorillard Company, have moved, in accordance with Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to strike from the Complaint as immaterial and impertinent the following:

The unnumbered paragraph immediately following Paragraph 11, which reads as follows:

"Wherefore, plaintiff demands of defendants the sum of One Hundred Five Thousand ($105,000.00) Dollars."

The unnumbered paragraph immediately following Paragraph 16, which reads as follows:

"Wherefore, plaintiff demands of defendants the sum of Two Hundred Thousand ($200,000.00) Dollars."

Rule 12(f) of the Federal Rules of Civil Procedure provides as follows:

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Complaint in this action is divided into two counts. The first count, consisting of eleven numbered and one unnumbered paragraphs, pleads a "Survivors Action." The second count consisting of five numbered and one unnumbered paragraphs pleads a "Wrongful Death Action." Paragraph 1 of the first count reads as follows:

"1. This court has jurisdiction of the parties litigant by virtue of the fact that plaintiff is a citizen of the State of Pennsylvania. The defendants are corporations organized under the laws of the State of New Jersey, and the matter in controversy exceeds $10,000.00."

Paragraph 13 of the Complaint (Wrongful Death Action) incorporates by reference, inter alia, Paragraph 1 of the Complaint (Survivors Action), supra.

Rule 8(a) of the Federal Rules of Civil procedure provides as follows:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

The jurisdictional allegation is fully and adequately set forth in Paragraph 1 of the Complaint. The final unnumbered paragraphs (ad damnum) in Counts One and Two in so far as they demand specific sums of money are not necessary averments to show jurisdiction of the court.

2 Moore's Federal Practice, 2d Ed., ¶ 8.03 states:

"The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. * * * A generalized summary of the case that affords fair notice is all that can be expected. * * * "

To state the jurisdictional base twice is redundant. I find no specific Federal statute or rule covering this precise problem.

In 1958 the Pennsylvania Supreme Court adopted Rule 1044, 12 P.S.Appendix. Subparagraph (b) of this Rule reads as follows:

"Any pleading demanding relief for unliquidated damages shall without claiming any specific sum, set forth only whether the amount is in excess of, or not in excess of $5000.00. In an action brought in the Court of Common Pleas or in the County Court of Allegheny County the plaintiff shall in addition set out, if the amount claimed is less than $5000.00, whether it exceeds or does not exceed the jurisdiction of the County Court."

For many years Pennsylvania courts have held it error for counsel to make any suggestion to the jury of an arbitrary amount of damages for personal injuries. In Joyce v. Smith, 1921, 269 Pa. 439, 112 A. 549, 550 defendant filed affidavits that plaintiff's counsel said in his argument to the jury, " 'I am asking for thousands of dollars for pain and suffering, and hundreds of dollars for the money he has expended.' " Because of this language the Court ordered a new trial, stating:

"* * * the remarks were highly improper, as their tendency would necessarily suggest to the jury sums they should allow in their verdict. It has been the uniform practice of this court to hold counsel strictly accountable for language used in addressing the jury, and willful or reckless misstatements or utterances calculated to unduly influence their verdict will be considered grounds for the withdrawal of a juror and granting a new trial. * * *. Causes must be fairly presented and defended, and the duty of counsel in this regard is not less important nor less imperative than that of the trial judge. A cause is not well tried unless fairly tried, and a verdict obtained by incorrect statements or unfair argument or by an appeal to passion, or prejudice, stands on but little higher ground than one obtained by false testimony. * * *. The amount of damages claimed is not to be determined by an estimate of counsel, but by the jury from the evidence before them, and any suggestion to the jury of an arbitrary amount is highly improper. * * *. While it is true in the present case, no definite amount was mentioned, yet, if plaintiff's version be accepted, the language contained a suggestion to the jury that 'thousands of dollars' were claimed for injuries. This expression suggested the amount to the minds of the jury almost as clearly as if counsel had stated a definite number of thousands. * * * "

In Stein v. Meyer, D.C.E.D.Pa.1957, 150 F.Supp. 365, 367, a personal injury case involving similar allegedly improper remarks by counsel for plaintiff in his closing speech, Judge Van Dusen ordered a new trial following the Joyce case, supra, and stated, inter alia:

"Furthermore, although the trial judge understands that he is not bound by the Pennsylvania cases

on this point, the United States Court of Appeals for the Third Circuit has emphasized that federal courts 'should not be astute to widen federal diversity jurisdiction.' Mc-Coy v. Siler, 3 Cir., 1953, 205 F.2d 498, 500–501. To permit plaintiff's counsel to refer to amounts selected by him in his closing argument to the jury in cases where pain, suffering, injury and inconvenience are the only items of damage, when such a course is not allowed in the state courts, would certainly have the result of expanding the diversity jurisdiction of this court and, particularly in a situation such as this, would ' * * * substantially affect the enforcement of the right as given by the State.' "

There can be no question as to what the law in Pennsylvania is, both case law and now the recent Supreme Court rule. Obviously, the Pennsylvania Supreme Court is of the opinion that if it is "highly improper" for counsel in addressing the jury to make "willful or reckless misstatements or utterances calculated to unduly influence their verdict" it is equally improper for the complaint to contain such gratuitous and unwarranted statements.

The very nature of this case is such as to call for the exercise by the Court of a discretion which will be directed at assuring a determination by the jury of all the issues, including that of damages, solely from the evidence before them. Considerable publicity was given this case at the time of the filing of the action and on the occasion of a previous Memorandum of this Court. 183 F.Supp. 406. In those news articles mention was made of the large amount of damages claimed.

I am in complete agreement with the observations on this matter by United States District Judge Alexander Holtzoff in addressing the Section of Insurance, Negligence and Compensation Law

at the meeting of the American Bar Association at Miami, 1959,[1] as follows:

" 'The *ad damnum* is not disclosed and is not permitted to be disclosed in my court. The purpose of the *ad damnum* is only to establish jurisdiction. It has no bearing on what should be awarded to the plaintiff by the verdict. After all, you know, any lawyer or stenographer could multiply the *ad damnum* by ten by hitting a cipher on the typewriter one additional time. It doesn't mean anything. * * * It is not conducive to obtaining substantial justice to disclose a fantastic *ad damnum* to the jury or to argue that pain should be paid for at so much an hour or so much a day. It is immaterial what the plaintiff thinks he should be awarded. It is immaterial what the defendant thinks should be awarded to the plaintiff. All that is for the jury, or the judge, if the trial is without a jury.' "

In Felgemaker v. Ocean Accident & Guarantee Corporation, Limited et al., D.C.N.D.Ohio, 1942, 47 F.Supp. 660, Note 1, Page 663, the Court stated:

"United States courts are bound by the Rules of Civil Procedure (Rule 1) and are therefore not obliged to follow state procedure. They should, however, give effect to state rules of practice if not inconsistent with federal rules (Rule 15 (d), Rules of Civil Procedure) especially when such practice serves the ends of established federal law."

The general rule applicable here is found in 35A C.J.S. Federal Civil Procedure § 23, p. 66, which reads as follows:

"*State rules not in conflict.* On the other hand, the federal courts should give effect to state rules of practice if not inconsistent with Federal Rules, especially when such practice serves the ends of established federal law. Moreover, under a stat-

---

1. Proceedings of the Section of Insurance, Negligence and Compensation Law, Amer-ican Bar Association, 1959, Pages 163, 179–181.

ute so providing as to proceedings to vindicate civil rights, where federal laws are deficient, the common law, as modified and changed by the constitution and statutes of the state in which the court has jurisdiction, governs to the extent that it is not inconsistent with the federal Constitution and laws."

Because of the publicity already given this case I can easily picture the publicity that will be given the demands when the case comes to trial. The chance of irreparable damage to the defendants of the possible wide dissemination of this sort of inadmissible matter is enough in my judgment to warrant the court in exercising its clear discretion in finding the averments as to the dollars claimed impertinent and immaterial and in directing the same to be stricken from the complaint.