(S.D.N.Y.1964). As Judge Weinfeld stated in *Kane*:

"[T]he better view appears to be that considerations of judicial economy and convenience of the parties which underlie the pendant jurisdiction doctrine require that extraterritorial service also be sustained as to the nonfederal pendant claims." 235 F. Supp. at 568.

Since the present decision with respect to extraterritorial service is not based on Rule 14(a), F.R.C.P., the decisions of Verner v. Moran Towing & Transp. Co., 258 F.Supp. 169 (S.D.N.Y.1966) and Casey v. Calmar S.S. Corp., 138 F.Supp. 751 (D.Del.1961) cited by the opposing defendants, which held that Rule 14(a) does not provide an independent basis for *in personam* jurisdiction, have no application; and it becomes unnecessary to determine whether "personal jurisdiction * * * should also be resolved by a rule fashioned especially for third-party claims", Agrashell Inc., 344 F.2d at 585, or to consider whether personal jurisdiction might be secured over the third parties on a diversity of citizenship basis pursuant to § 302(a), N.Y.CPLR which was carefully considered by Judge Levet in *Verner*.

■■■ The assertion of the opposing defendants that the present motion is untimely and would delay a speedy trial must be rejected as baseless. Although the five related suits here involved were commenced two years ago, a restraining order was issued on August 25, 1966 by a Referee in Bankruptcy in a Chapter XI proceeding in the Massachusetts District Court involving Marrud, which had the effect of enjoining the present proceedings until March 18, 1968. While it is true that some pretrial discovery has been undertaken, it appears clear that by far the greatest amount of such preparation lies in the future. Accordingly, this Court, after carefully reviewing the papers filed in this and the related proceedings and hearing argument, believes that the motions are not untimely and that institution of the cross claims and third party proceedings would be in the interests of justice and judicial economy.

The motion is granted.

So ordered.

A.

v.

B.

C

v.

D.

United States District Court
W. D. Pennsylvania.

Feb. 28, 1969.

---

## MEMORANDUM TO COUNSEL

WEBER, District Judge.

Two newly filed actions have been brought before me for certain ex parte action which required me to review the Complaint which had not yet been served. In each instance the *ad damnum* clauses to the various counts or causes of action set forth very large, very round and very easily remembered figures for the un-liquidated damages demanded.

██ There is no requirement of federal pleading that this be done. The only allegations necessary are that the claim exceeds the jurisdictional amount, where such is required, and the items of special damages shall be specifically stated.

Being unnecessary for the purposes of federal pleading the only motive for insertion of such demands in a pleading is to bring such figure to the attention of prospective jurors. A high figure demand in a Complaint is always prominently publicized, as well as the name of the corporate defendant and any prominent facts alleged. This publicity occurs not only at the time of filing, but at subsequent stages of the litigation before trial.

 In Pennsylvania practice it is highly improper for counsel to bring such demands to the attention of the jury at trial [Joyce v. Smith 269 Pa. 439, 112 A. 549], and the United States District Courts in this state follow that rule [Stein v. Meyer, 150 F.Supp. 365, E.D. Pa. 1957]. If it is improper to do so by argument, it is also improper to do so by gratuitous statements in a Complaint. The Pennsylvania state practice forbids this, Pa. Rule of Civil Procedure 1044(b) 12 P.S. Appendix. In setting such a standard, Pennsylvania has indicated a general standard of ethical practice. While it is not specifically enjoined upon counsel by the Federal Rules or local Rules of this Court, it is a standard that I have found generally observed. The instances where I have found it not observed in this Court have largely involved pleadings prepared by out-of-state counsel. We might remind local counsel that their function in such cases is more than that of a post box, they have a responsibility for insuring compliance with local standards of practice.

I have usually considered such matters on a motion of defendant to strike the pleaded *ad damnum* clause as surplusage. I have done so following the reasoning of Judge Follmer in Mitchell v. American Tobacco Co., 28 F.R.D. 315 [M.D.Pa., 1961]. However, in such case the evil which this proceeding seeks to avoid has partly come to pass.

██ In the present actions the Complaints and an accompanying Petition were immediately presented to the Court. There has been no service. We believe that we may properly intervene at this stage, in the exercise of our discretion, to refuse to sign the Orders authorizing service until the offending material has been expunged in the Complaints by the substitution of a page or pages for the original in which the unnecessary and harmful damage claim has been made.

There is no need to repeat the jurisdictional amount in the *ad damnum* clause; it is sufficient to state that damages are claimed for the wrongs suffered.

**MIRACLE MART, INC., Plaintiff,**

v.

**Jacob E. MARGOLIS, Defendant.**

**Civ. A. No. 68–659.**

United States District Court
D. Massachusetts.

Feb. 19, 1969.

Robert W. Meserve, John R. Hally, Nutter, McClennen & Fish, Boston, Mass., for plaintiff.

Note: This is being supplied to counsel, but not being made a part of the cases involved because counsel have indicated their intention to comply. However, it will be distributed for the information of the members of the Bar without identifying the cases.