J-A23032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MALLORY J. MOHNKERN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL A. GOULD | : | No. 1767 WDA 2018 |

Appeal from the Judgment Entered December 6, 2018
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 17-003538

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:     **FILED DECEMBER 12, 2019**

Mallory J. Mohnkern ("Mohnkern") appeals from the Judgment,[1] in the amount of $15,569.52, entered in her favor, and against Michael A. Gould ("Gould"). We affirm.

Mohnkern and Gould were involved in a motor vehicle accident on February 12, 2016, during which Gould rear-ended Mohnkern while she was stopped in traffic on Freeport Road in Allegheny County, Pennsylvania.[2]

---

[1] Mohnkern purports to appeal from the Order denying her Motion for Post-Trial Relief. However, an appeal properly lies from the entry of judgment, rather than the denial of post-trial motions. ***See Nitardy v. Chabot***, 195 A.3d 941, 944 n.1 (Pa. Super. 2018). Because the trial court entered Judgment in this case before Mohnkern filed the instant appeal, the appeal is properly before us.

[2] At trial, Gould admitted that he was at fault for the accident. ***See*** N.T., 11/13/18, at 60.

On March 7, 2017, Mohnkern filed a Complaint in negligence, claiming that she had suffered various injuries as a result of the accident, including, *inter alia*, traumatic brain injury, headaches, dizziness, panic attacks, and injury to the head, neck and spine. Mohnkern also alleged damages including, *inter alia*, pain and suffering, lost wages and earning potential, and continued medical expenses.

Gould filed an Answer and New Matter on March 28, 2019, asserting that some or all of Mohnkern's injuries were unrelated to the accident. Mohnkern filed a Reply.

Following additional procedural history not relevant to this appeal, the matter proceeded to a jury trial on November 13, 2018. Prior to the start of trial, Gould presented several Motions *in limine*. Relevantly, Gould sought to exclude evidence concerning Mohnkern's medical expenses and wage loss. The trial court granted the Motions *in limine*.

Before the start of closing arguments, Mohnkern presented a Motion to Permit Counsel to Argue for a Specific Dollar Amount for Non-Economic Damages During Closing Argument, asserting that the jury would have no evidence to guide them in choosing an amount of damages, and that selecting an amount would require speculation. The trial court denied the Motion. On November 15, 2018, the jury returned a verdict in favor of Mohnkern,

reflecting awards of $7,500.00 for past pain and suffering, and $7,500.00 for mental anguish.[3]

Mohnkern filed a Motion for Post-Trial Relief, requesting a new trial during which her counsel could argue for a specific dollar amount for non-economic damages. The trial court denied Mohnkern's Motion.

The trial court entered Judgment, upon Praecipe by Mohnkern, on December 6, 2018. Mohnkern thereafter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Mohnkern now raises the following question for our review: "Whether the parties in an action involving non-economic damages for personal injuries can argue to the jury for a specific amount of damages during closing arguments to the jury?" Brief for Appellant at vi.

"[W]hen reviewing the denial of a motion for new trial, we must determine if the trial court committed an abuse of discretion or error of law that controlled the outcome of the case." *Long v. Mejia*, 896 A.2d 596, 599 (Pa. Super. 2006). Further,

> [u]pon review, the test is not whether this Court would have reached the same result on the evidence presented, but, rather, after due consideration of the evidence found credible by the trial court, and viewing the evidence in the light most favorable to the verdict winner, whether the court could reasonably have reached its conclusion.

---

[3] The verdict was subsequently molded to a total of $15,569.52, to reflect delay damages.

*B & L Asphalt Indus., Inc. v. Fusco*, 753 A.2d 264, 267 (Pa. Super. 2000) (citation and quotation marks omitted).

Mohnkern argues that her counsel should have been permitted, during closing arguments, to argue to the jury for a specific amount of money for non-economic damages. *See* Brief for Appellant at 7-23. Mohnkern claims that, due to the evidence presented at trial, "the jury had no monetary amount on which to start their deliberation." *Id.* at 8. Mohnkern acknowledges that existing case law prohibits counsel from requesting a particular amount of money for non-economic damages, but points out that the key cases were decided more than a century ago, and asserts that the issue should be revisited. *Id.* at 9, 10-11, 16. Additionally, Mohnknern points out that Pennsylvania is one of a minority of states that prohibit counsel from arguing for a specific lump sum or a *per diem* amount relating to non-economic damages. *Id.* at 9, 16-17.

Counsel in civil cases are prohibited from making statements to the jury, during closing arguments, concerning the amount of non-economic damages expected. *See Nelson v. Airco Welders Supply*, 107 A.3d 146, 161-62 (Pa. Super. 2014) (*en banc*); *see also Stassun v. Chapin*, 188 A. 111, 111 (Pa. 1936); *Joyce v. Smith*, 112 A. 549, 550-51 (Pa. 1921). Underlying this rule is the idea that a jury should determine the amount of non-economic damages to award based on the evidence presented at trial, rather than at the suggestion of counsel. *See Wilson v. Nelson*, 258 A.2d 657, 659-60 (Pa. 1969) (stating that "[j]urors should render their verdict on the basis of

deductions from the evidence presented and not on the basis of some calculation, independently proposed and arrived at by trial counsel."); *see also Joyce*, 112 A. at 551; *Bullock v. Chester & Darby Telford Road Co.*, 113 A. 379, 380 (Pa. 1921). Our Supreme Court has also stated that "**any** statement to the jury by counsel that calls the juror's attention to claims or amounts not supported by the evidence is error." *Wilson*, 258 A.2d at 660 (emphasis added). Thus, counsel may not request a specific award, ask the jury to apply a particular formula for calculating damages, or otherwise provide a suggestion concerning the amount claimed or expected. *See Nelson*, 107 A.3d at 164 (concluding that, where plaintiff's counsel "provided the jury with a formula to calculate damages and an amount to plug into that formula[,]" and requested at least $1 million for each category of non-economic damages, the trial court abused its discretion by failing to issue a curative instruction or grant a mistrial); *Wilson*, 258 A.2d at 659-60 (stating that trial court did not err in requiring, during closing arguments, plaintiff's counsel to remove a chart depicting dollar figures for various damages, because the proposed figure for loss of future wages was unsupported by evidence); *Bullock*, 113 A. at 380 (requiring a new trial where plaintiff's counsel argued specific amounts of lost wages, including future wages, to the jury during closing arguments); *Joyce*, 112 A. at 550-51 (concluding that counsel's suggestion that plaintiff was entitled to "thousands of dollars" for pain and suffering was improper). *But see Clark v. Phila. Coll. of Osteopathic Med.*, 693 A.2d 202, 206 (Pa. Super. 1997) (concluding that

the trial court properly declined to grant a mistrial after plaintiff's counsel, referring to a drawing of a triangle with a horizontal line drawn through it, argued to the jury that plaintiff's medical expenses were only the "tip of the iceberg," and her non-economic damages remained below the horizontal "water line," because the statement did not suggest a specific sum).

The trial court denied Mohnkern's Motion to Permit Counsel to Argue for a Specific Dollar Amount for Non-Economic Damages During Closing Argument, and Motion for Post-Trial Relief, on the basis that any request for a particular sum of damages would be improper. **See** Trial Court Opinion, 2/5/19, at 2-4. While we are sympathetic to Mohnkern's assertions, we must agree that any such statements or requests by counsel during closing arguments are prohibited under the current law of this Commonwealth.[4] Therefore, we are constrained to conclude that the trial court did not commit legal error or abuse its discretion in denying Mohnkern's request for a new trial.

Judgment affirmed.

_____

[4] We observe that, without any guidance or evidence concerning a requested amount of non-economic damages, a jury's verdict may be no less arbitrary than an amount specified and proposed by plaintiff's counsel at trial. **Cf. Joyce**, 112 A. at 551 (cautioning against "any suggestion to the jury of an arbitrary amount"). We therefore urge our Supreme Court to revisit this issue.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2019