## Irene Pihl, Appellee, v. Springfield Consolidated Railway Company, Appellant.

1. CARRIERS, § 476*—*when evidence establishes negligence alleged.* In an action by a passenger against a street car company, in which the declaration consisting of one count charged, in substance, that defendant negligently caused a pole to be thrown, pushed or dropped upon plaintiff's head, and where defendant claimed that the charge of negligence was specific and not general and that the specific charge was not proven, the court, while not holding that the charge was not a general charge, *held* that, assuming it to be specific, there was ample evidence to support it.

2. PLEADING, § 458*—*when question of variance is waived.* The question of variance between the proof and the allegations of the declaration is waived by not specially raising the question in apt time in the trial court, and pointing out wherein the variance consisted.

3. TRIAL, § 155*—*when question of fact arises.* In a personal injury case, where there was no direct impeachment of witnesses called by either party, and the testimony on behalf of defendant was diametrically opposed to that of plaintiff, and there were facts and circumstances tending to corroborate each side, a case peculiarly within the province of the jury was presented.

4. DAMAGES, § 119*—*when verdict for personal injuries is not excessive.* A verdict for $1,200 was not excessive in an action by a woman passenger of a street car who was struck by a pole, where plaintiff was troubled with dizzy spells, fainting and sickness in the stomach, and where after several days a fractured skull was discovered, and where about 4 months after the accident she had an attack of dizziness and was again taken to a hospital and stayed there for a week, and where the dizziness still continued at the time of the trial.

Appeal from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920.

P. B. WARREN, A. M. FITZGERALD and W. A. RUEGG, for appellant.

T. W. QUINLAN and A. F. BERNARD, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

THIRD DISTRICT—OCTOBER, 1920.        589

Pihl v. Springfield Consolidated Ry. Co., 219 Ill. App. 588.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

Appellee, Irene Phil, brought an action on the case against appellant, Springfield Consolidated Railway Company, for damages sustained on account of injuries received while a passenger on a street car operated by that company in Springfield, Illinois, and recovered a judgment for $1,200.

The negligence charged, in a declaration of one count, is that "the defendant or its servants carelessly and negligently caused a pole of great weight, of the weight of, to wit: ten pounds, to be violently and forcibly thrown, pushed and dropped upon the head of the plaintiff."

On September 1, 1919, appellee and her mother left their home about noon and walked to the grounds where a circus was showing. They each testified that about half-past two o'clock, in the afternoon, as the show was commencing they started to go back up town, and are corroborated in their testimony by W. J. Getzwiller, who was running a refreshment stand. One of appellant's open summer street cars stopped on Eleventh street opposite the show grounds and about thirty feet from W. J. Getzwiller's stand. The car, when it stopped, was headed north. The conductor turned the trolley pole to go south towards the city. The motorman took the controller handles and walked on the west side of the car from the north to the south end preparatory to the return trip. Appellee's mother testified that the conductor called out, "Car ready for town," and that she and her daughter were the only persons who boarded the car at that point; that the guardrail on the west side was down; the one on the east side was up; that she boarded the car on the east side about four or five seats from the south end, and that her daughter was following her when the motorman or conductor "left the side railing down on top of her (the daughter's) head." Appellee testified that

she helped her mother onto the car; that she then stepped up, and as she was standing on the second step holding to the side of the car, going into the car, the guardrail fell on her head. Appellee further testified that the motorman was at the front (or south) end of the car "tinkering" with the guardrail, and "left the side railing fall" on her head.

While the injury was quite painful at the time, appellee and her mother did not think it serious. Appellee was troubled with dizzy spells, fainting and sickness at the stomach, and on September 5, 1919, Dr. D. H. McCarthy was called and found her suffering severe pain and found a slight swelling at the top of her head. Even then the doctor did not consider the injury serious. He left a prescription. The doctor was summoned again in two or three days, and then, after receiving a history of the injury, took appellee to a hospital; had an X-ray picture taken which showed that her skull was fractured. She was put to bed and an ice pack was put on her head. The swelling disappeared but she has since suffered pain and dizziness. In December, following the accident, dizziness attacked her and she fell down stairs. She was again taken to a hospital, was there a week, and the dizziness has not completely left her.

Appellant called, as witnesses, a motorman and conductor, both of whom testified that the accident occurred at about half-past four o'clock in the afternoon, just as the show was out. They also testified that they let the guardrail down, on the east side, two blocks before arriving at the point in question, when they raised the west-side guardrail. They further testified that a large crowd boarded the car. The conductor said about eighty women got on. They do not know how the accident happened but both deny letting the guardrail fall on appellee's head. Appellant produced two witnesses who claimed to be standing by at the time and to have seen the accident that occurred at half-past

four o'clock but were not able to identify appellee as being the person injured. The inference, from the testimony of one of these witnesses, is that a number of persons were crowding under the rail on the wrong side and that one woman dropped it on the head of another woman. The inference, from the testimony of the other, is that a woman was crawling under the rail and bumped her head. Appellee and her mother, on rebuttal, both testified that the conductor and motorman, who had been called as witnesses, were not in charge of the car on which appellee was injured.

Appellant argues that the charge of negligence is a specific and not a general charge of negligence; that the specific charge made has not been proven, and in arguing that point ignores everything contrary to its contention, considering only such parts of the evidence as supports that theory. It is true, there is evidence tending to support appellant's theory, and there is also ample evidence tending to support appellee's theory and the charge made in the declaration. The testimony of appellee, her mother and W. J. Getzwiller clearly and plainly supports the charge as made in the declaration. We do not hold that the charge in the declaration is not a general charge of negligence, but do hold that assuming it to be a specific one there is ample evidence in the record to support it.

Further, appellant has waived any supposed variance between the proof and the allegations of the declaration by not specifically raising that question in apt time in the trial court and pointing out wherein the variance consisted. (*City of Chicago v. Bork,* 227 Ill. 60, 62-63.) The salutary effect of the rule of waiver is evident when it is remembered that if there was any merit in this highly technical objection it could have been easily obviated by an amendment if it had been raised in the trial court by an objection specifically pointing it out. (*Chicago City Ry. Co. v. McClain,* 211 Ill. 589, 594.) In the last-named case, quoting from

*City of Joliet v. Johnson,* 177 Ill. 178, the court said: "It is well settled that an objection alleging variance between the allegations and proofs must be made in the trial court, in order to afford an opportunity to the plaintiff to amend the declaration. Such objection should properly be made at the time the evidence is offered, otherwise it will be waived."

The criticism of the fourth instruction, given for appellee, is not well founded. It is substantially the same as the instruction approved, by the Supreme Court, in *Chicago Union Traction Co. v. Newmiller,* 215 Ill. 383, 388-389.

There is no direct impeachment of witnesses called by either party. The testimony of the witnesses, on behalf of appellant, is diametrically opposed to that of appellee. There are facts and circumstances, shown by the record, tending to corroborate each side and thereby presenting a case peculiarly within the province of a jury to determine what the truth is, and we would not be justified in setting aside the verdict on the ground that it was manifestly against the weight of the evidence.

The damages awarded are not excessive.

We find no reason for reversing the judgment of the lower court and therefore affirm it.

*Judgment affirmed.*