Gary Robinson, a Minor, by His Father and Next Friend, Dallas Robinson, Plaintiff-Appellee, v. M. Kathryn, Defendant-Appellant.

Term No. 59–M–6.

Fourth District.
September 23, 1959.
Rehearing denied October 26, 1959.
Released for publication October 27, 1959.

Twente & Jelliffe, of Harrisburg, for defendant-appellant.

Everett Lewis and Elmer Jenkins, of Benton, for plaintiff-appellee.

JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Franklin County by reason of a judgment entered following a jury trial. The verdict and judgment were in the amount of $30,000. The action was predicated on personal injuries sustained by the nineteen year old plaintiff, Gary Robinson, and damages to his motorcycle, occasioned by the alleged negligence of the defendant. The young man was riding the motorcycle when he was either overtaken, or crowded, or turned into, the car driven by defendant. He suffered very severe injuries, principally the loss of most of his hand which was torn off by the force of the accident.

Defendant on appeal in this case contends, as a matter of law, that plaintiff failed to prove that he was free of contributory negligence, that there was insufficient evidence to show defendant was guilty of negligence, and also contends that certain errors, principally in final closing argument and in the giving of instructions, require a reversal and remandment for new trial.

■■■ On the issue of the question of contributory negligence we have repeatedly emphasized that unless there is no substantial evidence of freedom from contributory negligence the question of whether or not plaintiff was free of contributory negligence is a question of fact for the jury. On the record, the question was obviously one of fact for the jury. Similarly, if we take the evidence presented by plaintiff in its most favorable light with all reasonable intendments in support thereof, there was sufficient evidence to justify a jury verdict in favor of plaintiff, and the Court would not have been justified in directing a verdict on either the issue of contributory negligence or failure to prove negligence on part of the defendant (Lindroth v. Wal-

7

green Co., 407 Ill. 121; Kahn v. James Burton Co., 5 Ill.2d 614).

In connection with the contention that the Court below should have allowed the motion for new trial, defendant raises two significant points which we feel justify the granting of a new trial. In the first of these matters it is directed to our attention that in the final closing argument, over objection of defendant and despite a timely motion for a mistrial, the attorney for plaintiff caused the plaintiff himself to engage in a demonstration of the manner in which he was seated and would be driving a motorcycle, and where his arms would be located, and how his arms would be affected by the approach of defendant's automobile from the rear or from the side. This was after all the evidence and arguments were in and was employed by plaintiff's Counsel as an aid to his own final argument in an effort to demonstrate certain physical facts.

While it would have been proper for attorney for plaintiff to have seated himself in a chair with his arms akimbo, in typical motorcycle driver style, and to have used any reasonable technique to demonstrate such physical fact, the employment of his client in this fashion under his direction amounted to a use of demonstrative evidence which was clearly improper and afforded defendant no opportunity for cross examination, defense, or reply. The place for demonstrative evidence and the time for demonstrative evidence is during the course of the trial and prior to final argument. Final argument may properly employ demonstrations by the attorney, if such demonstrations are reasonably sustained by the evidence, but the technique of using the injured plaintiff in a visual demonstration requiring movement and activity on his part would open the door to strange and completely unsound demonstrations which in the end

8

would defeat the ends of justice for all litigants. We therefore feel that such demonstration was improper and should call for a new trial.

■ ■ We will not go into detail as to matters relating to instructions but make the observation that the instructions as tendered appear basically to be too numerous, too lengthy, and in some cases, particularly with reference to the admissions and youth of the individual, misleading in principle. It is seriously suggested on retrial of this cause, where the issues appear to be relatively simple and clear, that the admonition of the Court should be heeded and that the Trial Court should not be deluged, by both parties, with voluminous and repetitious instructions. The parties should also make clear and timely suggestions and objections to instructions in conference with the Trial Judge so that the Trial Judge has ample opportunity to accept, modify, or reject instructions upon the basis of specific objections and specific information, rather than generalized objections.

This cause will, therefore, be reversed and remanded.

Reversed and remanded.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.