**Robert RAMEY et al., Appellants,**

**v.**

**Thomas RUTH, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1964.

R. Howard Smith, Newport, for appellants.

Lewis A. White, Mt. Sterling, for appellee.

MOREMEN, Judge.

This is an action by Robert Ramey and Edith Ramey, who are husband and wife, arising out of an automobile collision between cars driven by Robert Ramey and by Thomas Ruth. Edith Ramey claimed damages for personal injuries resulting from the collision and her husband sought to recover for loss of consortium. The case was tried in the Menifee Circuit Court where a verdict was returned in favor of the appellee, Thomas Ruth. From the judgment entered on that verdict, this appeal is prosecuted.

On February 6, 1960, appellants were traveling Ky. Highway 460 when they entered an S curve in the road at a point near Mariba. At the same time appellee Ruth was approaching from the opposite direction. Mrs. Ramey described the accident in this manner:

"I saw this red car coming around the curve and he was coming right toward us. I hollered and my husband cut the car; completely got the front end out of the way and Mr. Ruth hit the back fender and bumper of our car, with his front headlight, and he was at least three to four feet over the yellow line, his tracks from the rainy road showed that after we were completely stopped."

Mr. Ramey testified:

"This road is very crooked, so I couldn't—I didn't make too much speed, and I made a turn on the curve of the road and then went to the left and went around one car then (witness demonstrates)—I hope I am making this plain—as I got in within I would say around thirty, forty feet I happened to see another car coming right toward me."

(The other car was then identified)

"Q. Well, go ahead and tell the jury just what occurred? A. Well, as I was coming around on this small curve and coming up on this other one I was getting ready to make the curve that goes to the left, I noticed this car coming at me, so I cut my car—and I thought I had cut out of his way, but he crashed me, he came over the yellow line and crashed his left front fender into my left rear fender and tore the bumper loose."

Ruth testified that when he first saw the Ramey car it was about 125 feet away and about 3 feet into the wrong lane of traffic. Ruth thereupon applied brakes which caused the rear-end of his car to slide to the left and about a foot over the yellow line. He released the brakes and the car straightened out before the collision. He stated that the front-end of his car was never over the line and when it straightened out he supposed the rear end was about on the line. He then testified:

"Q. Did he (Ramey) get back on his side before the accident happened? A. Well, I don't think so. When I released the brakes the last time we were getting pretty close, I thought we would miss but we just tipped the back bumpers."

Appellants urge as grounds for reversal: (1) They were entitled to a directed verdict; (2) appellee's counsel should not have been permitted to use a special blackboard during his argument to the jury; (3) appellee's counsel used improper argument.

At the conclusion of all the testimony appellants moved the court for a directed verdict. We agree with the trial court that appellee's evidence was sufficient to require the case to be submitted to a jury. The motion was properly overruled. In addition, the record does not disclose that appellants stated the grounds upon which the motion was based. Where the record does not show the grounds on which the party's motion for a directed verdict is made, the order overruling such motion is not reviewable on appeal. Scott v. McLean County Board of Education, Ky., 357 S.W. 2d 312. Later appellants moved for a judgment notwithstanding the verdict of the jury. This motion was also overruled. As was stated in Commonwealth v. Ragland Potter Co., Ky., 305 S.W.2d 915 where such a motion is based upon the erroneous overruling of a motion for a directed verdict at the conclusion of all the evidence and movant had failed to state grounds for its

motion for a directed verdict, it is as if no such motion had in fact been made. Therefore the trial court correctly overruled the motion for a judgment notwithstanding the verdict.

Appellants' next ground for reversal is based upon the fact that during his final argument to the jury counsel for appellees produced a blackboard of his own which had theretofore not been used during the trial, placed toy automobiles upon the board (which contained a drawing of the curve in the roadway depicting the scene of the accident) and used them during the course of his argument. It was claimed that it wholly misrepresented the evidence in the case. However, there was no showing made either in the record or in the brief for appellants in what manner counsel allegedly departed from the evidence which had been given and any reasonable inferences which might be drawn therefrom. We learn from the brief for appellee that this was a magnetized board along which the automobiles could be moved easily and thus counsel could give his interpretation of what actually happened at the scene of the accident. We find nothing that shows he departed from the usual practice of using a blackboard or other device to help illustrate an argument. This board may have been novel and improved, but we find nothing wrong in that so long as counsel adhered to the evidence and reasonable inferences. If he departed from that course, it does not appear of record.

It is finally argued that appellee's counsel improperly stated to the jury in his closing argument that "these three people (meaning appellants and their attorney) are from the Sin City of Newport down here looking for some easy money." The final argument of counsel was not taken down and it does not appear of record that such statement was made or objected to. About five months after the trial, appellants moved to include in the record a statement to the effect that the above statement was made and was objected to. The court overruled

the motion, but by letter indicated to counsel that although he believed counsel did make such a statement he did not recall that there was any objection to it at that time or any motion made to set aside the swearing of the jury. For that reason the matter is not before us for decision.

We believe the appellants received a fair trial and the jury was well within its province when it elected to accept appellee's version of the accident rather than that given by appellants and their witness who appeared at the scene shortly thereafter.

The judgment is affirmed.