Ruby *v.* Casello et al., Appellants.

Argued April 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert L. Orr,* with him *Reed, Ewing, Orr & Reed,* for appellants.

*John Alan Conte,* with him *Conte & Courtney,* for appellees.

*Lee E. Whitmire, Jr.,* with him *Whitmire & Mannix,* for appellee.

OPINION BY FLOOD, J., June 11, 1964:

Guerino and Jennie Casello, two of the defendants in this case, have appealed from the refusal of the court below to grant their motions for new trial or judgment n.o.v. following verdicts for the plaintiffs against the Casellos alone.

Lawrence Ruby, the minor plaintiff, was injured when a steel plate gave way under him, causing him to fall into a pit in a paved alleyway in front of a doorway of a building owned by the appellants. The building was rented to multiple tenants, including the defendant Royal Tile Co., Inc. The Casellos stipulated that the alleyway, although owned by them, was used as a public way.

By renting to multiple tenants, the Casellos, in effect, retained responsibility for the condition of the structure's sidewalk. *Higgins v. Polito,* 348 Pa. 152, 34 A. 2d 482 (1943). By permitting the alleyway next to the building to be used as a public way, they assumed the obligation of reasonable care to protect those using it from danger. *Rachmel v. Clark,* 205 Pa. 314, 54 A. 1027 (1903). The question before us is whether there was evidence from which the jury could properly conclude that the Casellos failed to discharge this obligation of care, thereby creating an unreasonable risk of harm to the minor plaintiff. This, in turn, depends upon whether the steel plate over the pit gave way because of a defect resulting from the Casellos' failure to

keep it in a safe condition or for some other reason. The pit was rectangular in shape (3½′ by 2½′ by 3¾′) and led to the basement of the premises. The steel plate which covered the pit rested upon a flat metal strip or rim, about two and one-half inches wide, around the perimeter of the pit. Two hinges were attached to the plate to secure it to the metal rim. When resting on the rim the plate was level with the surface of the roadway. The measurements of the plate in each direction were three inches less than those of the rim and, consequently, there was a gap of about one and one-half inches between the outer edge of the rim and the edge of the plate.

Shortly before the accident a truck belonging to Sulco Freight, Inc., the additional defendant, went over the plate, knocking it off the pit. The truck driver and an employe of Royal Tile replaced it, but it was bent and did not fit properly. The Casellos argue that the accident resulted from the bending of the plate or its improper replacement by the employes of Royal Tile and Sulco and that there was no proof of negligence on their part.

However, there was evidence that the hinges were rusty and that both the Casellos and Mrs. Heater, their caretaker, knew it. There was also testimony that the hinges were rusted through. Even if the jury concluded that the hinges broke when the Sulco truck or some other truck went over the cover, this would not relieve the Casellos from liability if the jury also concluded that they would not have broken except for their rusted condition. Whether or not there was any negligence on the part of Sulco or Royal Tile in replacing the cover was for the jury. The verdict acquitting them of negligence and holding the Casellos solely responsible was not without support in the evidence. The conflicts in the testimony were for the jury to resolve. Taking the evidence most favorably to the verdict win-

ners (*Anzenberger v. Nickols,* 413 Pa. 543, 198 A. 2d 309 (1964), we find no reason sufficient to warrant setting aside the jury's verdict.

The appellants also complain that the argument of the plaintiffs' attorney to the jury suggested that they should value the minor plaintiff's pain and suffering at a dollar per minute. Such an argument is of course improper. The jury were, however, told by the court that this was an improper argument and were charged on the proper measures of damages. In view of the testimony of the plaintiffs' witnesses as to the injuries, the verdict was not excessive, and it appears to us that the court's charge corrected any adverse effect upon the jury from the improper argument.

Judgment affirmed.