[No. 39484.    Department One.    February 13, 1969.]

HARRY FELDMILLER, *Respondent*, v. BRUCE K. OLSON *et al.,*
*Respondents,* LIONEL F. LEONARD *et al., Appellants.**

*Reed, McClure & Moceri,* by *Thomas W. Huber,* for appellants.

*E. H. Knapp, Jr.* (of *McMullen, Brooke, Knapp & Grenier),* for respondent Feldmiller.

*Ostrander & Van Eaton,* by *Robert H. Van Eaton,* for respondents Olson.

WEAVER, J.—Benson Highway, in King County, also known as 108th S.E., is a 2-lane arterial highway that extends north and south. S.E. 181st street joins it at a right angle from the east forming a "T" intersection, south of Renton, Washington.

Plaintiff-respondent Feldmiller was driving south on Benson Highway. He was on his side of the road traveling about 35 miles per hour. The speed limit was 45 miles per hour.

*Reported in 450 P.2d 816.

Defendant-respondent Olson was driving north on Benson Highway preceded by an automobile driven by an unknown driver. We refer to this automobile as the "hit and run" car.

Defendant-appellant Leonard was proceeding west on S.E. 181st. Whether he obeyed the stop sign at the northeast corner of the intersection before turning north on Benson Highway is a disputed question of fact that was submitted to the jury.

Plaintiff-respondent commenced this action against defendant-respondent Olson and defendant-appellant Leonard upon the theory that their joint and concurrent negligence caused the accident. The "hit and run" car, after sideswiping plaintiff, disappeared.

Defendant Olson admitted his car collided with plaintiff's automobile; alleged that the sole and proximate cause of the collision was the negligent operation of an automobile by defendant Leonard, creating an emergent situation; and cross claimed against Leonard for damages.

Defendant Leonard denied negligence and alleged that defendant Olson was chargeable with contributory negligence. It is not claimed that plaintiff Feldmiller was negligent in any manner.

The crux of this action is defendant Olson's theory that defendant Leonard entered the arterial highway from 181st street at a time when it was dangerous to do so, thus creating an emergent situation causing the northbound Olson and the "hit and run" vehicles to swerve into the southbound lane and strike plaintiff Feldmiller's automobile.

Defendant Leonard testified that he saw the accident happen when he looked into his rear-view mirror. He was then proceeding north on Benson Highway about 10 miles per hour.

No error is assigned to jury instructions given.

The jury returned a verdict of $7,500 damages in favor of plaintiff Feldmiller against defendant Leonard, and a $22,500 verdict in favor of defendant Olson on his cross claim against defendant Leonard.

State Patrolman James F. Sprague arrived at the scene about 5 minutes after the accident. He was called as a

witness by plaintiff Feldmiller. Over objection, the patrolman testified about a conversation he had with defendant Olson in the hospital 45 minutes after the accident. Defendant Leonard assigns error to the court's admission of this testimony and the court's refusal to strike it.

Upon objection by counsel for defendant Leonard, the trial judge stated:

I will sustain the objection made that the statements made by Mr. Olson may or may not be admissions on his part against him. They are admissible as evidence only against him [Olson] and *they would not be evidence against the other defendant Leonard.* (Italics ours.)

■ The trial court immediately recognized that the challenged testimony may be in the nature of admissions of an opponent of the party calling the witness. What a party has said, provided it is unprivileged and relevant, is admissible against him. *Raborn v. Hayton,* 34 Wn.2d 105, 208 P.2d 133 (1949), and authorities cited. The jury was aware that the testimony could bind only defendant Olson; it was not admitted as evidence against defendant Leonard. The assignment of error is not well taken.

Almost a year before trial, defendant Olson stated in a deposition that the automobile that came from S.E. 181st street onto Benson Highway was "a little green foreign car of some sort, I don't know what kind of make, or what kind of model. I believe it was dark green."

At the trial, defendant Olson, called as an adverse witness by plaintiff, identified the car as a 1951 *green* DeSoto. Cross-examination disclosed that defendant Olson's trial identification of the car was based on hearsay.

We find no merit in defendant Leonard's assignment of error directed to the trial court's refusal to strike defendant Olson's testimony that the car emerging from 181st street was a 1951 DeSoto.

Assuming, arguendo, that defendant Olson's identification of the automobile emerging onto Benson Highway was inadmissible hearsay, the error is nonprejudicial, for defendant Leonard testified that he drove his *green* DeSoto

onto Benson Highway in front of northbound traffic. Leonard further testified that his was the only car entering Benson Highway from 181st street just prior to the accident and that his was the only *green* car in the area.

■ Error in the admission of evidence is without prejudice when the same facts are established by other evidence. *Bond v. Wiegardt,* 36 Wn.2d 41, 55, 216 P.2d 196 (1950).

Defendant Leonard assigns error to the court's refusal to give his requested instruction concerning reasonable speed. It is without merit. There is nothing in the record to indicate that any automobile involved in the accident was exceeding the speed limit; nor is there anything to establish that conditions indicated a need for a reduced speed. Further, the requested instruction is based upon a statute that had been repealed prior to the date of the accident.

In his jury argument, defendant Olson's counsel used some strips of paper, presumably cut to length commensurate with the speed of the various automobiles involved in the accident. Defendant Leonard assigns error to the use of these demonstrative props. There is no claim of inaccuracy or deception. The accuracy of the slips of paper was subject to immediate verification, and if in error, would have presented an opportunity for a devastating counter-presentation.

■ In recent years, the use of demonstrative evidence and props to illustrate oral argument has been accepted by trial courts so long as they accurately demonstrate the facts established by the testimony. We find nothing to indicate that the trial judge abused his discretion by allowing counsel to use the strips of paper in his argument to the jury.

Defendant-appellant Leonard's remaining assignments of error are based upon the alleged insufficiency of evidence to support the verdict.

Reduced to the lowest common denominator, this case involves one jury question: Did defendant-appellant Leonard enter an arterial highway in such a manner that he caused oncoming traffic to veer into the opposite lane of

traffic? We find that the record contains sufficient evidence to present a jury question.

The judgment is affirmed.

FINLEY, ROSELLINI, and NEILL, JJ., and OTT, J. Pro Tem., concur.