Clyde Hay *et al.*, Plaintiffs-Appellants, *v.* Frate Service, Inc. *et al.*, Defendants-Appellees.

(No. 72-277;

Third District—October 12, 1973.

John A. Slevin, of Peoria, for appellants.

James E. Bowles, of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs, Clyde Hay and Betty Hay, instituted the present action against the defendant Frank Melvin for his alleged negligence in

operating a tractor-trailer truck owned by the defendant company Frate Service, Inc., which was involved in a collision with the plaintiffs' automobile. The plaintiffs sought damages for personal injuries and property damage. After trial by jury a verdict was returned for the defendants upon which the circuit court of Tazewell County entered judgment. It is from this judgment that the plaintiffs appeal.

The collision which gave rise to this action occurred when the family automobile driven by the plaintiff Clyde Hay, with his wife Betty Hay as a passenger, was proceeding in the same direction as the tractor-trailer rig being driven by the defendant Frank Melvin. The vehicles were on a four lane street in the city of Pekin. The tractor-trailer was on the inside lane designated for left turn only. The length of the tractor-trailer made it necessary for it to be in the left hand lane in order to navigate a right hand turn into an intersecting street. The tractor-trailer, after obeying a flashing signal light, proceeded to make a right turn by first proceeding forward and angling to the left and then turning right. During the course of this turn and before it was completed the plaintiffs' automobile was caught between the tractor-trailer and the right curb and either driven by impact or pushed and dragged into a light pole. As a result of the accident the plaintiff Betty Hay suffered personal injuries. The plaintiff driver, Clyde Hay, was not injured but his automobile was damaged beyond repair.

The plaintiffs do not contend that the mere presence of the tractor-trailer in the inside lane designated for a "left turn" constitutes that negligence requisite for recovery, but claims that the defendant was negligent in his failure to observe from the use of sideview mirrors that the plaintiffs' vehicle was in the right lane of traffic at a location approximately at the middle of the tractor-trailer, waiting to make a right turn, and consequently by such failure to observe the defendant negligently caused the collision.

The plaintiffs raise as an issue that neither of them were guilty of contributory negligence and that the plaintiff Betty Hay, being seriously injured, as a passenger cannot be charged with or have imputed to her any negligence committed by Clyde Hay, the driver of the automobile. We do not deem it necessary to agree or disagree with this contention of the plaintiffs for the determinative issue presented by this appeal is whether the verdict of the jury for the defendant should be set aside as being contrary to the manifest weight of the evidence.

The evidence adduced during the course of the trial was conflicting in that the defendant testified that his truck was regularly inspected and that at the time of the collision the brakes, mirrors and signal lights on the rig were all in good working order. He further testified that he

stopped at the intersection, used his turn lights to signal a right turn, looked into the mirrors twice to determine the traffic situation in the right lane and then proceeded to make a right turn and that while in the act of so doing he felt a bump, at which time he immediately stopped. The defendant driver further testified that upon alighting from the truck after the accident, he found that his right rear wheels had come into contact with the plaintiffs' automobile.

The testimony adduced by the plaintiffs supports a conclusion that their automobile was stopped by the truck when the traffic light turned green and that they were in a helpless position which resulted in their car being struck and pushed into a light pole. The testimony of the defendant is that he acted as a reasonable, careful person, under the circumstances and that he did observe the traffic situation in the right lane and that the plaintiffs' vehicle was not there when he commenced his turn and therefore the plaintiffs' vehicle had to have been driven inadvertently into the path of his truck as it was completing its right turn.

The plaintiffs cite the well recognized rule set forth in the case of *Pedrick* that a judgment notwithstanding the verdict should be entered in those cases in which all the evidence when viewed in its aspect most favorable to the opponent so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.

■■ We do not consider this case as one which will sustain the application of the rule in *Pedrick*. Two versions supported by evidence were presented to the jury regarding the cause of the accident. Each version was capable of supporting a verdict and such being the case it was properly within the province of the jury to evaluate the conflicting versions and arrive at a verdict which they felt was based upon the evidence and the law. This court has previously stated that where there is a substantial factual dispute disclosed by the evidence, on issues such as the defendant's negligence, or where there must be an assessment as to the credibility of witnesses, "[T]he constitutional right of the parties to a jury determination should be carefully preserved, * * *." *Wolfe v. Whipple*, 112 Ill.App.2d 255, 251 N.E.2d 77.

Without indulging in an unnecessary recital of the evidence it is suffice to say that there existed conflicting questions as to the exact position of the tractor-trailer, the location of the plaintiffs' automobile, the exact location of a service station driveway adjacent to and on the right hand side of the street where the events occurred which led to the accident. In addition there was presented to the jury evidence as to the damage which raised the question as to whether or not the damaged vehicle was dragged or pushed into a light pole. It was within the province of

the jury to consider the evidence bearing upon these questions and after such consideration make a determination to the best of their ability as to how the accident occurred.

■■ The plaintiffs stress that in addition to their testimony they had the testimony of an independent eye witness to the accident. This independent witness was a Mr. Brown, an employee of a service station located on the corner where the accident occurred. Mr. Brown, however, admitted that two similar accidents occurred on the same morning, both involving semi-trailers and automobiles turning right at the intersection with which we are concerned. He was also testifying as to an accident that had occurred two and one-half years prior to the trial. The mere fact that one party has a greater number of witnesses does not create a situation where such testimony must be accepted by the jury because of its cumulative weight. The jury sees and hears the witnesses, observes their manner and demeanor and then gives such weight to the testimony as they think it deserves. In the instant case the jury chose to reject the testimony of the plaintiffs and Mr. Brown and instead accept the testimony of the defendant Melvin.

■■ For the reasons stated we cannot hold that the verdict of the jury was palpably wrong and against the manifest weight of the evidence. Therefore the judgment of the circuit court of Tazewell County is hereby affirmed.

Affirmed.

STOUDER, P. J., and DIXON, J., concur.