ROBIN THAYER, Plaintiff-Appellee, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellant.

First District (4th Division)   Nos. 61172, 61370 cons.

Opinion filed June 23, 1976.—Rehearing denied August 19, 1976.

Sal M. Bianchi, John J. O'Toole, and John E. Wilson, all of Chicago, for appellant.

Carl J. Cipolla, of Baskin, Server & Berke, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Robin Thayer, the plaintiff, brought this action to recover damages for injuries sustained when the automobile she was driving was struck by a bus driven by Fred Labern, a Chicago Transit Authority (hereinafter C.T.A.) employee. The jury returned a verdict for plaintiff in the amount of $15,000 and the trial court entered a judgment thereon. It is from that judgment that this appeal is taken. The sole issue raised on review is

whether the trial court erred when it denied defendant's motion for directed verdict at the close of all the evidence.

Two occurrence witnesses were called to testify at the trial. Mr. Labern was called as an adverse witness and testified that on May 13, 1970, he was driving the Diversey-Downtown route. On this particular day the witness stated that he examined the bus before he left the station around 8:30 a.m. and found the brakes and windshield wipers in good working condition. As he proceeded west on Briar Place, the bus driver testified that he had his windshield wipers on because it was raining. He estimated his speed to be between 10 and 12 miles per hour and he testified that he saw the plaintiff traveling in a southerly direction on Cambridge just before he crossed the Briar-Cambridge intersection. Mr. Labern further testified that he saw plaintiff's car for the first time when the front of the bus was 10 to 15 feet east of the intersection and plaintiff's car was 10 feet north of the intersection. He estimated her speed to be about 30 miles per hour, although he testified that she slowed down to make the turn and was traveling 12 to 15 miles per hour at the time of impact.

Robin Thayer, called as the plaintiff's second occurrence witness, testified that on May 13, 1970, her car was in good mechanical condition. She explained that Cambridge is a street with traffic that runs north and south and that Briar Place is a one-way residential street running east to west with cars parked on both sides at all times. The plaintiff then stated that Briar at Cambridge is an uncontrolled T-intersection and that a sign instructs motorists that Briar Place is a one-way street. Then Mrs. Thayer testified that she was traveling south on Cambridge and that she stopped and looked to her left when she reached the intersection; she saw no vehicles approaching so she proceeded to make a right-hand turn on to Briar. However, after the plaintiff was about halfway into the turn, she saw the bus coming very rapidly at her and shortly thereafter it made contact with the left side of her car and pushed it into a parked vehicle. On cross-examination, the plaintiff testified that before she made the turn she looked down Briar but she did not see the bus or any moving cars. Moments later, however, she saw the bus and there was a collision.

This case presents the question of whether or not the trial court erred by refusing to direct a verdict for defendant at the close of all the evidence. In considering this issue, we must determine whether all the evidence when viewed in its aspect most favorable to the plaintiff so overwhelmingly favors the C.T.A. that a verdict against the defendants could never stand. *Mueller v. Sangamo Construction Co.* (1975), 61 Ill. 2d 441, 338 N.E.2d 1; *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

In a civil trial where there is conflicting evidence, questions of fact

arising in a negligence action are for the jury. *(Bedwell v. Grand Trunk Western Railroad Co.* (7th Cir. 1955), 226 F.2d 150, 155; *Shatkus v. Checker Taxi Co., Inc.* (1969), 111 Ill. App. 2d 1, 5, 249 N.E.2d 704; *Biggerstaff v. New York, Chicago & St. Louis R. Co.* (1957), 13 Ill. App. 2d 85, 94, 141 N.E.2d 72; *Pihl v. Springfield Consolidated Ry. Co.* (1920), 219 Ill. App. 588, 592.) Where there is evidence tending to show a cause of action and sufficient to make the case a proper one for consideration of the jury, it becomes the duty of the court to submit the case to them *(Robinson v. Kathryn* (1959), 23 Ill. App. 2d 5, 7, 161 N.E.2d 477; 47 Nw. U.L. Rev. 777 (1953)), and it is improper to direct a verdict. *Eggimann v. Wise* (1963), 41 Ill. App. 2d 471, 487, 191 N.E.2d 425.

■■ Thus, in a negligence action where the evidence is reasonably consistent with two hypotheses, as we have here, one of which imposes liability and the other which does not, the case should be submitted to the jury. *(Denny v. Goldblatt Brothers, Inc.* (1939), 298 Ill. App. 325, 333, 18 N.E.2d 555.) When we examined the record in this case, we discovered that the accident occurred at an uncontrolled T-intersection. The defendant argues that the plaintiff failed to establish that she exercised due care at this intersection. We think the question of whether or not plaintiff exercised due care when she made a turn off Cambridge on to Briar is a fact question for the jury because what constitutes due care depends on the circumstances which call for its use. *(Sims v. Chicago Transit Authority* (1954), 4 Ill. 2d 60, 66, 122 N.E.2d 221.) After reviewing the facts in this case, we do not think that they lead to the conclusion that Mrs. Thayer failed to exercise due care when she entered the Cambridge-Briar intersection. Another matter to be resolved by the court is the question of right-of-way. At the time of the occurrence in question, there was in force in the State of Illinois a statute governing the operation of motor vehicles approaching intersections. The right-of-way statute provides when two vehicles approach an intersection from different roadways at approximately the same time, the driver of the vehicle on the left must yield the right-of-way to the vehicle on the right. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—901.) However, the jury must decide whether plaintiff had the right-of-way by virtue of her approach from the right and the fact that she was in the process of making her turn. The jury must also determine if the defendant had the right-of-way by virtue of the fact that he was already traveling on Briar, a preferential street, and given the distance of his vehicle from the intersection. (See *Payne v. Kingsley* (1965), 59 Ill. App. 2d 245, 207 N.E.2d 177; *Quigley v. Crawford* (1958), 19 Ill. App. 2d 454, 153 N.E.2d 867.) In both *Payne* and *Quigley* the court was faced with the question of which vehicle had the right-of-way; however, in both cases the question was submitted to the jury and

verdicts were affirmed for the plaintiffs. Consequently, we hold that there was conflicting evidence on questions of fact; therefore, the trial court did not err by submitting these questions to the jury.

■■ ■ The defendant also contends that plaintiff was contributorily negligent as a matter of law because she looked down Briar and did not see the bus. We disagree with this contention because we do not think that the undisputed evidence was so conclusive on the question of contributory negligence that all reasonable minds would reach the same conclusion. (See *Huston v. Chicago Transit Authority* (1976), 35 Ill. App. 3d 428, 342 N.E.2d 190.) Moreover, we think the evidence establishes that plaintiff was exercising due care and we do not think that her failure to see the bus when there were cars parked on both sides of the street on Briar makes her contributorily negligent as a matter of law. The jury heard the testimony of the two occurrence witnesses and had an opportunity to observe the witnesses as they testified and to evaluate their demeanor. Under the circumstances, a reviewing court will not disturb the verdict of the jury unless it is palpably erroneous and against the manifest weight of the evidence. (*Huston v. Chicago Transit Authority* (1976), 35 Ill. App. 3d 428, 342 N.E.2d 190.) Therefore, we hold the charges of negligence made out in the complaint are supported by the evidence and we find the evidence sufficient to support the findings and the judgment below.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.