ROOSEVELT LEE *et al.*, Plaintiffs-Appellants, *v.* NATIONAL MATERIAL CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-1201

Opinion filed July 18, 1979.

630

Marshall I. Teichner, Ltd., of Chicago (Philip J. Rock, of counsel), for appellants.

Tim J. Harrington, of Chicago (Patrick Stoker, of counsel), for appellees.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

Roosevelt Lee and Felicia Butler Abrams (the plaintiffs) were passengers in a car which was struck in the rear by another car driven by Arthur Wah. The plaintiffs maintain that the collision was the result of Wah's negligence and that both Wah and his employer, National Material Corporation (the defendants), are liable for their injuries. After a jury verdict in favor of the defendants, the plaintiffs brought this appeal.

The plaintiffs assert that the jury's decision should be reversed because it was against the manifest weight of the evidence. The record reveals the existence of two conflicting versions of what caused the accident and who was at fault, one of which supports the jury's verdict.

The accident took place in the early evening of November 23, 1971, when driving was hazardous because of darkness and falling snow. The parties were driving southbound on Lee Street near its intersection with the Northwest Tollway in the Village of Rosemont. The plaintiffs and the driver of the car in which they were riding testified that the rear-end collision occurred suddenly and without warning, as their car was slowing down to make a left turn onto an entrance ramp of the Northwest Tollway. In addition, they testified that their car was in the left southbound lane, proceeding at a slow speed, and with the left turn signal operating.

Wah's account of the accident is markedly different. He testified that

he was traveling in the right southbound lane, approximately 200 feet behind the vehicle in which the plaintiffs were riding, which was in the left lane preparing to turn. As he approached within 25 feet of that car, it suddenly began to cut into the right lane. Because of the icy condition of the road, the other car "fishtailed," and Wah says he was unable to avoid running into its rear end.

■■ Clearly, reasonable men could differ as to which of the two explanations of the accident is the accurate one. Both descriptions are supported by evidence adduced at trial; in such cases, the jury's deductions and inferences and its conclusions regarding the witnesses' credibility are the determinative factors. *Thayer v. Chicago Transit Authority* (1976), 40 Ill. App. 3d 284, 286-87, 352 N.E.2d 331; *Hay v. Frate Service, Inc.* (1973), 14 Ill. App. 3d 561, 563, 302 N.E.2d 757.

The jury's decision is in accord both with a version of the facts supported by evidence at trial and with the applicable legal standard recently set forth in *Burgdorff v. I.B.M.* (1979), 74 Ill. App. 3d 158, 163, 392 N.E.2d 183, 186.

> "A rear-end collision does not automatically create an inference as a matter of law that the driver of the rear car was negligent or that he was following too closely or driving too fast for conditions. It is the responsibility of the trier of fact to determine whether the rear driver, in such accidents, was acting reasonably under the circumstances, or that the accident was unavoidable. * * * [a]nd a reviewing court should not set aside the jury's verdict unless it is against the manifest weight of the evidence. [Citations.]"

The jurors heard the witnesses and it was their responsibility to weigh the conflicting accounts of what happened. The law requires us to defer to the jury's judgment and affirm their decision. *Didier v. Jones* (1978), 61 Ill. App. 3d 22, 27, 377 N.E.2d 572; *Dailey v. Hill* (1968), 99 Ill. App. 2d 474, 479, 241 N.E.2d 683.

■■ We reject the plaintiffs' argument that the jury's decision was tainted by prejudicial evidence. The alleged improper evidence included an attempt by the defense to impeach Lee's assertion that the car collision was the cause of his back injuries and subsequent hospitalization in June 1972. Lee does not object to the effort to impeach him, but only to the introduction of evidence that he had received workman's compensation benefits for the injury for which he received hospital treatment. In his claim for benefits, Lee stated that his back injury was the result of an industrial accident he had suffered at work in January 1971. There was no mention of the November 1971 car accident.

This evidence was a valid and relevant attempt to show that Lee was seeking a double recovery for his single hospital stay in June 1972, for two entirely separate accidents. Lee's failure to refer to the accident which is

the subject matter of this case in his workman's compensation claim could indicate that he did not believe that his injuries were caused by that accident. The evidence was relevant also because in impeaching Lee's credibility it cast doubt on Lee's account of how the accident happened as well as his testimony concerning the injuries he suffered in the accident.

Felicia Abrams complained of injuries to her neck and back. The plaintiffs take exception to evidence that she had a history of back trouble. They argue that it was improper for the defense to question her about an earlier injury to her coccyx because no connection was shown between it and her alleged injury from the collision. In response, the defense maintains that this line of questioning was proper and necessary to show that Abrams' injury was not proximately caused by the accident.

Regardless of the merits of the arguments relating to the propriety of the cross-examination of Abrams, the evidence elicited does not warrant a reversal. Her testimony as well as that involving Lee's earlier accident concerned the cause and severity of the plaintiffs' injuries. Any conceivable improper prejudice related to the issue of damages and not to the issue of negligence or liability.

Since there was only a general verdict, the reasoning behind the jury's decision is not readily apparent. If the basis for the jury's general verdict had been the plaintiffs' failure to establish damages, this evidence conceivably could have influenced the jury and would necessitate a reversal, if held improper. It is therefore significant that Felicia Abrams' claim of a neck injury was unchallenged. Unlike her back injury, which the challenged evidence could lead a jury to believe did not originate from the car accident, the existence of her neck injury was unrefuted. Under these circumstances, the jury would have awarded at least nominal damages had it determined that the defendants were at fault. The only logical inference from the jury's failure to award Abrams damages for her neck injury is that the defendants were not negligent. Thus, even if references to the plaintiffs' earlier injuries were improper and should not have been admitted, any error was harmless.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.