William WAITE and Anna Waite

v.

David T. NEAL.

Civil Action No. 95–4092.

United States District Court, E.D. Pennsylvania.

March 1, 1996.

Bradford J. Lare, Doylestown, PA, for plaintiffs.

Robert M. Hammond, Doylestown, PA, for defendant.

**134**

## BENCH MEMORANDUM

VAN ANTWERPEN, District Judge.

During the closing argument by plaintiffs' counsel in this three-day Pennsylvania diversity negligence case, the defense moved for a mistrial. We noted on the record in the absence of the jury that plaintiffs' counsel, Bradford J. Lare, Esquire, had committed three errors during his closing by: (1) expressing his personal opinion of the justness of his clients' cause; (2) by making a "golden rule" type of argument to the passions of the jury to the effect "How would you feel if you were involved in an accident"; and (3) by assigning the dollar amount of $100,000 to the claim of the plaintiffs for pain and suffering.

There is no doubt that an expression of personal opinion concerning the case by counsel is clearly improper. *Draper v. Airco, Inc.*, 580 F.2d 91, 95–96 (3d Cir.1978). Similarly, Pennsylvania has long followed a rule prohibiting the assignment of specific dollar amounts to claims such as pain and suffering. *Carothers v. Pittsburg Ry. Co.*, 229 Pa. 558, 560, 79 A. 134 (1911); *Fernandez v. City of Pittsburgh*, 164 Pa.Cmwlth. 662, 643 A.2d 1176, 1183 (1994); *Stein v. Meyer*, 150 F.Supp. 365, 366 (E.D.Pa.1957). Remarks which are not supported by the evidence and which are designed to appeal to the jury's prejudice or passion such as the golden rule argument are also improper. *Draper*, at 95; *Millen v. Miller*, 224 Pa.Super. 569, 308 A.2d 115, 117 (1973). The threshold question is whether or not it is "more than reasonably probable" that the remarks influenced the verdict. *Stanton by Brooks v. Astra Pharmaceutical Products*, 718 F.2d 553, 579 (3d Cir.1983). *See also Ruby v. Casello*, 204 Pa.Super. 9, 13, 201 A.2d 219 (1964).

The verdict for the plaintiff wife was $35,000, and the plaintiff husband recovered only $1 nominal damages. As soon as defense counsel objected and moved for a mistrial, we sustained the objection and denied the motion for a mistrial. We gave an immediate remedial instruction and told the jury they were to disregard counsel's suggestion of an amount of damages for pain and suffering. We also imposed the sanction of denying

plaintiffs' counsel further argument or rebuttal. The verdict was well below the $100,000 suggested by plaintiffs' counsel and was well below the dollar range suggested for lost wages by plaintiffs' actuary which ranged well above $100,000. The foregoing tends to indicate a lack of passion on the part of the jury. Nevertheless, we are dealing with multiple instances of improper argument and the cumulative effect of these cannot be overlooked. Defense counsel has indicated that they would be filing renewed motions for a new trial.

In view of this, we have met with counsel and the parties have agreed to a settlement of this matter in an amount slightly less than the verdict of the jury. Accordingly, it will not be necessary for us to decide whether or not it was more than reasonably probable that the remarks of plaintiffs' counsel influenced the verdict. We are also satisfied with the apology and representations of plaintiffs' counsel that he will research the cases we have cited and take appropriate steps to familiarize himself with appropriate trial practice. We file this Bench Memorandum simply as a record of the reasons for the settlement of this matter and our admonitions to plaintiffs' counsel, Bradford J. Lare, Esquire.